■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS STALTER, Appellant. [622 NYS2d 992] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered October 8, 1993, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree, possession of burglar's tools and unlawful possession of radio devices.

On the morning of March 9, 1993, defendant, along with an accomplice, burglarized an occupied home in the Town of Liberty, Sullivan County. The victim was able to call for help prior to the telephone line being cut and provided the police with a description of the burglars and their vehicle. Shortly thereafter, State Trooper Adrian Tyndell received a radio transmission about the crime and the descriptions. He positioned himself at the intersection of State Routes 42 and 52 so he could observe traffic running from Liberty and, subsequently, observed defendant's station wagon with its occupants which met the radio description. Tyndell pulled the vehicle over and ultimately defendant and his accomplice were arrested and the stolen property recovered.

Defendant was indicted on six related counts. After the completion of a suppression hearing to determine the admissibility of the physical evidence and the propriety of the police conduct in stopping the vehicle, but prior to County Court's determination, defendant pleaded guilty to the indictment. Thereafter defendant was sentenced to a prison term of 4 to 12 years on the most serious count and concurrently to lesser sentences on the remaining crimes. Defendant appeals.

Defendant contends that the stop of his vehicle and its subsequent search were improper; however, defendant for-

feited his right to appellate review of the suppression issues by pleading guilty prior to obtaining a determination by County Court (see, People v Fernandez, 67 NY2d 686, 688; People v Clark, 197 AD2d 531, lv denied 82 NY2d 892; People v Patterson, 194 AD2d 748, 749, lv denied 82 NY2d 724; People v Taveras, 187 AD2d 317, 318, lv denied 81 NY2d 848; People v Mattison, 182 AD2d 917, 918, lv denied 80 NY2d 896). At the time of his plea, the court specifically brought to defendant's attention the impact of his plea on the motion determination, ensured that defendant had discussed the matter with his attorney and made it clear that defendant was waiving his right to a decision.

We also reject defendant's assertion that his sentence was harsh and excessive and should be reduced in the interest of justice. In view of defendant's criminal history, the nature of the criminal activities involved in this case and the absence of a showing of the existence of extraordinary circumstances, we decline to disturb the sentence imposed.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.