(June 27, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON FREEMAN, Appellant. [645 NYS2d 334] —Spain, J. ■

Following an undercover drug investigation undertaken by the Kingston Police Department during the course of which defendant sold crack cocaine on two separate occasions to an undercover police investigator, defendant was indicted on two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Following jury selection for defendant's trial on these charges, defendant withdrew his previously entered plea of not guilty and pleaded guilty pursuant to a negotiated plea agreement to one count of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment. At the time of the plea, County Court made it clear that although a sentence of 2 to 6 years was discussed, the plea was unconditional and there was no commitment as to the sentence that would ultimately be imposed. Thereafter, defense counsel requested two adjournments and ultimately a bench warrant was issued for defendant's arrest. Ultimately, after defendant could not be located, County Court made a finding that defendant's absence was deliberate and proceeded to sentence defendant in absentia to the harshest allowable sentence of 8$^{1}/_{3}$ to 25 years in prison.* Defendant now appeals.

We affirm. Although defendant maintains that the sentence imposed was harsh and excessive, we cannot conclude that County Court abused its discretion. County Court specifically warned defendant at his plea allocution that if he failed to appear for the scheduled sentencing date and his failure was unexcused, the court would definitely impose the harshest sentence and would do so in defendant's absence. Thus, defendant's failure to appear despite this specific warning justified the imposition of the more severe sentence (see, People v Gianfrate, 192 AD2d 970, 973, lv denied 82 NY2d 718).

Turning to the issues raised by defendant in his pro se brief, we are similarly unpersuaded that grounds for reversal have been presented. Defendant's challenge to the legal sufficiency of the Grand Jury evidence was forfeited by his guilty plea (see, People v Freeman, 198 AD2d 725, lv denied 83 NY2d 804) and, in any event, the claim lacks merit. Finally, it was not

---

* Defendant had actually fled the country and was arrested in October 1993 after he attempted to reenter the United States under an assumed name.

improper for County Court to sentence defendant in absentia given the warnings administered and the circumstances presented (*see, People v Santiago*, 190 AD2d 700, *lv denied* 81 NY2d 976).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.