■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL VERDUCCI, Appellant. [671 NYS2d 551] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Labuda, J.), rendered August 12, 1997, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

On December 12, 1996, while at the First National Bank of Jeffersonville in the Village of Monticello, Sullivan County, defendant was denied his request to use the restroom. Upon thereafter representing to a bank employee that he was a special investigator for the State Inspector General and proffering a photo identification card in support thereof, the bank employee allowed him access. After receiving information concerning defendant's conduct from the bank manager, a uniformed police officer in the bank on personal business confronted defendant in the parking lot.

In response to the officer's question concerning defendant's intent in using the restroom at the bank, defendant replied that he needed to change his clothes for an appointment at a local prison. Again, defendant represented himself to be a special investigator with the State Inspector General. Upon the officer's request, defendant produced the photo identification card that he had presented to the bank employee. When the officer entered the bank with defendant's card to call for verification of his status, defendant left the parking lot. After additional investigation, defendant was indicted on March 19, 1997 for criminal possession of a forged instrument in the second degree and criminal impersonation in the second degree.

Defendant filed an omnibus pretrial motion on May 5, 1997 requesting, *inter alia*, *Huntley*, *Sandoval* and *Ventimiglia* hearings and further claimed that the evidence submitted to the Grand Jury was legally insufficient. While defendant further requested and obtained a probable cause hearing with respect to the seizure of the identification card, no request was made for either a *Mapp* or *Dunaway* hearing.*

After County Court ruled that legally sufficient evidence supported the Grand Jury indictment but before a decision was rendered on the outstanding suppression issues, defendant entered a plea of guilty to attempted criminal possession of a forged instrument in the second degree. Sentenced in accordance with the plea agreement, defendant now appeals.

While defendant did not waive his right to appeal, we find that the issues now raised are not subject to review. As to the challenge to the sufficiency of the evidence presented to the Grand Jury, it is well settled that a voluntary guilty plea to a lesser crime precludes a challenge to the legal sufficiency of the charges originally brought by a Grand Jury (*see, People v Kazmarick*, 52 NY2d 322, 326; *People v Cunningham*, 229 AD2d 669; *People v Freeman*, 228 AD2d 972, *lv denied* 88 NY2d 985), save certain exceptions not relevant here (*see, People v Pelchat*, 62 NY2d 97, 106).

Appellate review of defendant's request that County Court

---

* The record does, however, contain an affidavit from defendant, dated May 5, 1997, in which a specific request was made "that any property seized from me by the police be suppressed from use as evidence against me". Further, while no transcript of a May 14, 1997 appearance before County Court is included in the record, a transcript of a May 15, 1997 appearance contains a reference by the People to the effect that on the previous day, the court specifically indicated that it was going to address "a possible suppression of the physical evidence, the Mapp-Dunaway". Hence, for the purposes of this appeal, we will assume that an appropriate motion to suppress was made to County Court.

suppress his identification card is similarly forfeited since he entered a plea of guilty prior to determination of the motion (*see, People v Fernandez*, 67 NY2d 686, 688; *People v Stalter*, 212 AD2d 936; *see,* CPL 470.05, 710.70).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

