■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH McINTOSH, Appellant. [711 NYS2d 655] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress evidence seized when the police executed a search warrant for the car that he was driving. The search warrant application contained descriptions of several drug transactions arranged with the codefendant through a confidential informant. The police officer who applied for the warrant averred that he had worked with the

informant on several prior drug transactions and that the informant was reliable (*see, People v Diaz*, 231 AD2d 915, *lv denied* 89 NY2d 921). The application contained information that the informant was observed entering and leaving the codefendant's residence, and the informant returned to the prearranged meeting place with a substance that tested positive for the presence of cocaine. The officer's affirmation included information from the informant that the codefendant telephoned someone to have the drugs delivered after the buy was arranged with the informant. With respect to two of the transactions, the informant was accompanied by an undercover officer, and a black male was observed arriving at the residence of the codefendant shortly after the transaction was arranged and leaving the residence immediately after the transaction was concluded. The man drove a different car on each of those occasions; one car was rented by the woman to whom the other car was registered. Search warrants were issued for both cars.

After the conclusion of the third transaction between the codefendant and the informant, who was again accompanied by the undercover officer, defendant was observed driving away from the codefendant's residence and was stopped by police, whereupon the applicable warrant was executed. The application for the search warrants provided reasonable cause to believe that drugs were delivered to the codefendant after she arranged for the sale of those drugs with the informant, and that drugs or the proceeds from the sale of drugs would be in one of two cars that had arrived at the residence of the codefendant in response to her telephone calls (*see, People v Smith*, 182 AD2d 854, 856, *lv denied* 80 NY2d 838).

Although defendant sought suppression of the evidence seized from his person when a warrant permitting the search of "John Doe" was executed, the court had not ruled upon that aspect of defendant's suppression motion at the time defendant pleaded guilty. Defendant therefore forfeited his contention that the evidence seized from his person must be suppressed (*see, People v Fernandez*, 67 NY2d 686, 688; *People v Verducci*, 249 AD2d 684, 685-686; CPL 710.70 [2]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Hayes, Scudder, Kehoe and Lawton, JJ.