■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MARTINEZ, Appellant. [734 NYS2d 64] —Judgment, Supreme Court, New York County (Ira Beal, J., at suppression hearing; Daniel FitzGerald, J., at jury trial and sentence), rendered November 23, 1999, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 2⅓ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Since defendant's challenge to the legality of the officers' direction to him to show his hands during a traffic stop was neither raised nor expressly ruled upon in the suppression proceedings, that challenge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. After the officers properly stopped defendant's van for a traffic violation, they saw him move his hands away from the steering wheel and onto his lap, as well as fidgeting and otherwise acting suspiciously. Therefore, they properly directed him to show his hands since such limited intrusion was justified by the officers' need to pursue the investigation in safety (*see, People v Smith,* 280 AD2d 340, *lv denied* 96 NY2d 835; *People v Gil,* 211 AD2d 99, *appeal dismissed* 87 NY2d 843; *see also, People v David L.,* 56 NY2d 698 [*revg on dissenting mem* 81 AD2d 893, 895-896], *cert denied* 459 US 866).

The ensuing police conduct was also lawful. After being directed to show his hands, defendant instead twisted his body and bent down, whereupon the police observed a flag separating the front of the van from the rear begin to move. After defendant again ignored a direction to show his hands, the police removed him from the van along with a passenger, and noticed a pistol-shaped bulge in defendant's pocket. A frisk revealed a knife, and another knife was recovered from a sheath mounted on the van's dashboard. An officer attempted to look behind the flag but was unable to pull the flag completely to the side from his position outside the van. Since the officer clearly needed to check the van for additional occupants, and since these circumstances also caused the officer to reasonably believe that a weapon might be located within the vehicle presenting an

actual and specific danger to his safety, he properly entered the van and shone his flashlight into the cargo area, notwithstanding defendant's removal from the vehicle and inability to gain immediate access thereto (*see, People v Carvey*, 89 NY2d 707; *People v Mundo*, 286 AD2d 592). Upon the officer's discovery of what he recognized as a box for a handgun, bearing the name of a firearms manufacturer, the officer properly opened the box and recovered a pistol (*People v Mundo, supra,* at 594).

Furthermore, the search was permissible under the automobile exception to the requirement of a search warrant. Since the circumstances leading to defendant's arrest provided the police with reason to believe that the van contained evidence relating to the crime for which defendant was being arrested or that a weapon might be discovered inside, the search of the van and the closed container found therein was authorized (*see, People v Galak*, 81 NY2d 463; *People v Ellis*, 62 NY2d 393).

We perceive no basis for reduction of sentence. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.