■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO KIMBLE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT ROGERS, Appellant. [756 NYS2d 141] —Judgment, Supreme Court, New York County (Arlene Silverman, J., at suppression hearing; Bonnie Wittner, J., at plea and sentence), rendered September 28, 2000, convicting defendant Herbert Rogers of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of nine years to life, unanimously affirmed.

Judgment, Supreme Court, New York County (Arlene Silverman, J., at suppression hearing; Bonnie Wittner, J., at jury trial and sentence), rendered November 9, 2000, convicting defendant Ricardo Kimble of criminal possession of a controlled substance in the first and third degrees and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years to life, unanimously affirmed.

Defendants' suppression motions were properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After a lawful traffic stop, the officers determined that the defendants' licenses were valid but noted that the rental agreement for the car in which the defendants were riding listed defendant Rogers as a secondary driver and did not list defendant Kimble, who was in the driver's seat, as an authorized driver. The officer suggested that the defendants switch seats and defendant Kimble agreed. As Kimble stepped out of the vehicle, the officer noticed a gun clipped to his waistband. Both defendants were arrested and a search of the vehicle yielded large amounts of cash and drugs.

Defendants' current contention that the officer's suggestion that they switch seats constituted an illegal seizure was neither raised nor ruled upon at the suppression hearing and is therefore not preserved (*see People v Tutt*, 38 NY2d 1011 [1976]; *People v Martinez*, 289 AD2d 94 [2001], *lv denied* 97 NY2d 757 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record does not support defendants' contention that the officer's action was coercive or that they merely succumbed to

authority. The officer did not draw his gun and his tone and choice of words were not accusatory. He did not state that the defendants were required to switch seats, only that it was "a good idea" and in Kimble's "best interest" that they switch.

The search of the vehicle was permissible under the automobile exception to the requirement of a search warrant. In the circumstances of this case, the police were justified in searching the vehicle for contraband related to the gun possessed by defendant Kimble or for additional weapons (*see People v Blasich*, 73 NY2d 673 [1989]; *People v Baptiste*, 248 AD2d 625 [1998], *lv denied* 91 NY2d 1005 [1998]).

The verdict convicting Kimble of criminal possession of a controlled substance in the first and third degrees and criminal possession of a weapon in the second degree was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of Kimble's testimony explaining his presence in the vehicle and his possession of the weapon. Concur—Nardelli, J.P., Andrias, Buckley, Rosenberger and Friedman, JJ.