*931 Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered April 4, 2001, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the third degree (two counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [4]). All three counts arose out of the seizure by police of a handgun from the floor of a vehicle in which defendant was a passenger. The handgun had been stolén during an armed robbery four days earlier.
Contrary to the contention of defendant, there was no violation of his right to be free from unreasonable search.and seizure. The vehicle stop was justified by the traffic violations observed by the officers (see People v Sobotker, 43 NY2d 559, 563-564 [1978]; People v Ingle, 36 NY2d 413, 414-415 [1975]; cf. People v Washburn, 309 AD2d 1270 [2003]). Additionally, upon lawfully stopping the vehicle, the officers were entitled, without more incriminating information, to order the driver and defendant out of the vehicle (see People v Mundo, 99 NY2d 55, 58 [2002]; People v Carvey, 89 NY2d 707, 710 [1997]), The officers then lawfully observed the gun in plain view on the floor of the vehicle and lawfully seized it from that location (see People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]). In any event, the officers had additional knowledge of incriminating circumstances justifying their conduct in ordering the suspects out of the vehicle at gunpoint, frisking them, and briefly detaining them. The vehicle in which the suspects were traveling generally matched that described in a “pickup-order” issued several days earlier, i.e., for a four-door Cadillac with tinted windows, which might contain a weapon. Further, when the officers sought to pull over the vehicle, the driver did not stop but instead drove on for several blocks, committing another traffic violation in the process and finally coming to a stop at a dead-end street. The officers at that point had a reasonable suspicion that criminal activity was afoot and a basis to fear for their own safety, thus supporting the reasonableness of the forcible stop, frisk, and temporary detention of the suspects (see People v Torres, 74 NY2d 224, 226-227 [1989]; People v Chestnut, 51 NY2d 14, 21-22 [1980], cert denied 449 US 1018 [1980]; People v Brown, 190 AD2d 1003, 1004 [1993], lv denied 81 NY2d 968 [1993]; see also People v Martinez, 289 AD2d 94 [2001], lv denied *932 97 NY2d 757 [2002]; People v Thomas, 275 AD2d 276, 278-279 [2000], Iv denied 95 NY2d 939 [2000]).
The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Supreme Court did not err in denying defendant’s untimely request for a missing witness instruction (see People v Gonzalez, 68 NY2d 424, 427-428 [1986]; People v Coleman, 306 AD2d 941, 942 [2003]; People v McKinney, 302 AD2d 993, 995 [2003], lv denied 100 NY2d 584 [2003]). Defendant was not deprived of a fair trial by prosecutorial misconduct on summation (see generally People v Galloway, 54 NY2d 396, 401 [1981]). Nor was defendant deprived of effective assistance of counsel (see generally People v Henry, 95 NY2d 563, 565 [2000]; People v Baldi, 54 NY2d 137, 147 [1981]). Among other things, trial counsel succeeded in obtaining defendant’s acquittal on the most serious charges. Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., PJ, Pine, Hurlbutt, Kehoe and Hayes, JJ.