■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. SCACCIA, Appellant. [776 NYS2d 420]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 24, 2003. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a misdemeanor.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [b]). Contrary to the contention of defendant, Supreme Court properly determined after a hearing that "[t]he vehicle stop was justified by the traffic violations observed by the officers" (*People v Dunnigan*, 1 AD3d 930, 931 [2003]).

Defendant further contends that, because he was represented by counsel on an unrelated pending charge, the police questioning at the time of the stop was in violation of the *Rogers* rule (*see People v Rogers*, 48 NY2d 167 [1979]), as interpreted by *People v Burdo* (91 NY2d 146 [1997]). Defendant also contends that, because he requested an attorney when he was stopped by the police, evidence of his admission to the police that he had been drinking should have been suppressed, along with evidence concerning the field sobriety tests that were conducted. By pleading guilty without obtaining a ruling on those aspects of his suppression motion, defendant forfeited his right to raise them on appeal (*see People v Hibbert*, 291 AD2d 866 [2002], *lv denied* 98 NY2d 637 [2002]; *People v McIntosh*, 274 AD2d 968 [2000], *lv denied* 95 NY2d 906 [2000]). In any event, we conclude that they are without merit. We note in particular that the *Rogers* rule, as interpreted by *Burdo* (91 NY2d at 149-150), applies

only when a defendant is in custody on an unrelated charge to which the indelible right to counsel has attached. Because defendant was not in custody on the pending unrelated charge when he was questioned by the police herein, there was no derivative right to counsel, even though the police knew that defendant was represented by counsel on that charge when they questioned him (*see People v Steward*, 88 NY2d 496, 499-500 [1996], *rearg denied* 88 NY2d 1018 [1996]). The remaining contentions raised by defendant on appeal do not survive his guilty plea (*see generally People v Hansen*, 95 NY2d 227, 230-232 [2000]; *People v Taylor*, 65 NY2d 1, 5 [1985]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.