People v Placek (2019 NY Slip Op 04419)





People v Placek


2019 NY Slip Op 04419


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-12912
 (Ind. No. 2158/15)

[*1]The People of the State of New York, respondent,
v
Steven H. Placek, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Michelle Kaszuba of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered December 1, 2016, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of a knife, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Michael Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence, specifically a loaded and operable handgun. The evidence presented at the suppression hearing established that the handgun was recovered from the unlocked center console inside the rental vehicle that the defendant was operating at the time he was lawfully stopped by the police based on violations of the Vehicle and Traffic Law (see People v Thompson, 106 AD3d 1134, 1135; People v Major, 267 AD2d 251, 251). The search that yielded the handgun followed the defendant's valid arrest for possession of an 11-inch knife that the police recovered from the defendant's person (see People v Nichols, 250 AD2d 370, 371), and was based on probable cause and in accordance with the automobile exception (see People v Blasich, 73 NY2d 673, 678; People v Langen, 60 NY2d 170, 180-181; People v Belton, 55 NY2d 49, 55; People v Kimble, 302 AD2d 207, 208). In light of our determination, we need not reach the defendant's contention regarding the validity of the search as an inventory search.
The defendant's contention, raised in his pro se supplemental brief, in effect, that his convictions were not supported by legally sufficient evidence is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, [*2]2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's claim, raised in his pro se supplemental brief, that the evidence presented to the grand jury was legally insufficient (see CPL 210.30[6]; People v Barton, 110 AD3d 1089, 1091; People v Perry, 19 AD3d 619, 619-620).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court