OPINION OF THE COURT
John P. Collins, J.
Can a computer reenactment of a fatal car crash be introduced in evidence at a criminal trial?
The defendant McHugh is charged with four counts of second degree manslaughter and intoxicated driving arising from the deaths of four teenage friends.
The defendant claims that he was neither drunk nor speeding. He maintains that the accident occurred when weather conditions caused the car to leave the roadway and hit an open, ground level electrical box. He says this, in turn, caused a tire to rupture sending the car spinning into a concrete abutment.
To demonstrate this — at trial — the defendant seeks to introduce a computer reenactment of his version of the accident. The parties and the court have found no reported instances in which similar evidence has been offered in courts of this State.
The District Attorney has moved pretrial for a Frye hearing (see Frye v United States, 293 F 1013). He seeks to determine “whether the computer program and the incorporated scientific and mathematical formulas, techniques and processes underlying the program are generally accepted as accurate and reliable by the scientific community.” The District Attorney desires to examine the defendant’s expert witness at this pretrial hearing.
*560 The Frye litigation involved the use of a blood pressure deception test — a type of lie detector.
At trial, the defendant expects to call a witness, who he will seek to qualify as an expert in the field of accident investigation and reconstruction. This person has prepared a report which contains the defense’s version of the crash. The essence of the report has been fed to a computer by means of a program. The result is a graphic presentation of one and one-half minute’s duration.
The court has read the report and viewed the video tape.
No extended pretrial hearing — as suggested by the District Attorney — is required. It is possible for this computer reenactment — of the car crash — to be introduced at trial. Of course, the defendant’s counsel must lay the proper groundwork and qualify the expert. The District Attorney will have the opportunity to conduct a voir dire examination after the video tape is offered at trial.
The evidence sought to be introduced here is more akin to a chart or diagram than a scientific device. Whether a diagram is hand drawn or mechanically drawn by means of a computer is of no importance.
While this appears to be the first time such a graphic computer presentation has been offered at a criminal trial, every new development is eligible for a first day in court.
A computer is not a gimmick and the court should not be shy about its use, when proper. Computers are simply mechanical tools — receiving information and acting on instructions at lightning speed. When the results are useful, they should be accepted, when confusing, they should be rejected. What is important is that the presentation be relevant to a possible defense, that it fairly and accurately reflect the oral testimony offered and that it be an aid to the jury’s understanding of the issue.
To eliminate delay at trial — during any voir dire on the evidence — the defendant’s attorney is directed to turn over a copy of the computer program to the District Attorney.