■ JESSE FEASTER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order and judgment, Supreme Court, New York County, entered on October 2, 1989, and October 18, 1989, respectively, after trial before Jane S. Solomon, J., upon a jury verdict in favor of plaintiff in the sum of $2,180,158.50, unanimously reversed, on the law, the judgment vacated and the matter remanded for a new trial, without costs.

Where plaintiff fell to the subway tracks as a train was entering the IRT 125th Street station and was run over by the first half of the first car, resulting in the amputation of his left leg above the knee, it was reversible error for the trial court to deny defendant's request to instruct the jury on the emergency doctrine as set forth in PJI 2:14. As was the case

---

in *Rivera v New York City Tr. Auth.* (77 NY2d 322), the jury being presented with questions of whether the train was travelling at a reasonable speed, whether the motorman reacted reasonably under all the circumstances and whether he was in fact confronted with an emergency, it should have been instructed in the context of such doctrine. *(Supra,* at 328.)

Also, it being well settled that a plaintiff may not adduce evidence tending to demonstrate that a person alleged to have committed a negligent act has previously committed similar acts or was generally negligent, it was reversible error to permit plaintiff, over objection, to read the motorman's deposition testimony in which he acknowledged that on two prior occasions he had operated a train which had struck a person on or near the tracks. While plaintiff's counsel ostensibly sought to rehabilitate his expert's assumption concerning the motorman's reaction time, it is evident that such information served only to show the motorman's involvement in two prior accidents and was an attempt to establish in the minds of the jury that, as a motorman, he was routinely negligent.

Likewise, it was severely prejudicial to permit plaintiff's counsel, on cross-examination, to impeach defendant's engineering expert by eliciting that he had previously testified as defendant's expert in a similar case in which the jury returned a six million dollar verdict against defendant. The only possible purpose of such testimony was to impeach the witness because he was on the losing side in another, factually distinguishable case where the verdict was in the millions of dollars. Clearly, the amount of damages awarded had nothing to do with the witness's credibility. Equally irrelevant was the fact that both of defendant's experts had testified in the prior case. Under the circumstances, the court's curative instruction that the jury was to ignore "some of the particulars that you may have heard just before" was inadequate.

Finally, on remand, we leave to the trial court's sound discretion the question of the admissibility of the computer generated videotape simulation of the accident sought to be introduced by defendant. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.