■ The People of the State of New York, Respondent, v Roy Linksman, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered October 16, 1987, convicting defendant, after a jury trial, of six counts of criminal sale of a controlled substance in the first degree, six counts of criminal possession of a controlled substance in the first degree, one count of criminal sale of a controlled substance in the second degree, and one count of criminal sale of a controlled substance in the third degree, and which sentenced defendant to indeterminate terms of imprisonment of 15 years to life on each of the first degree sale and possession counts, 8-⅓ years to life on the second degree sale count, and 8-⅓ to 25 years on the third degree sale count, all to be served concurrently, unanimously held in abeyance; order of said court dated March 1, 1991 summarily denying defendant's motion to vacate the aforesaid judgment pursuant to CPL 440.10, unanimously reversed, on the law, and the matter remanded for an evidentiary hearing.

Confronted with overwhelming evidence that he was part of a large-scale cocaine distribution network, defendant took the stand and testified that he worked for one Frank DeFilippe, that although he was a cocaine addict, he never sold drugs, never wanted to be involved in the scheme, and was pressured into acquiring cocaine for the undercover officer, and that he was physically threatened, and, on at least one occasion, hit by DeFilippe for resisting the undercover officer's demands for cocaine. At the close of the evidence, trial counsel requested submission of an instruction on entrapment, but did not seem to understand that entrapment is an affirmative defense, rather than a defense, involving a shifting of burden of proof to defendant. Affidavits submitted by defendant's wife and brother after the verdict alleged that they had provided exculpatory information to counsel that was never used, that they were available to testify as witnesses but were never called by counsel, and that evidence of beatings suffered by defendant was never elicited. Defendant submitted his own affidavit alleging that trial counsel never prepared him to testify. While no affidavit was submitted by trial counsel,

appellate counsel, after a conversation with trial counsel, submitted an affidavit stating that trial counsel generally denied these allegations, represented that he had intended to call defendant's wife but that the wife was not available, and conceded that he had not considered calling defendant to the stand. The motion court, rejecting the relevance of defendant's allegations and finding the trial evidence of guilt to be overwhelming, summarily denied defendant's motion under CPL 440.10 (3).

Some of the disputed evidence clearly is not relevant to the issue of whether defendant acted under duress, was entrapped, or acted as agent for law enforcement personnel, in particular defendant's addiction and the medical records pertaining thereto, hospital records documenting that defendant, at some time, for reasons not ascertainable from the records themselves, received physical injuries. However, the affidavits submitted by defendant and members of the family, although self-serving, did suffice to rebut the presumption that counsel rendered adequate assistance, in particular, the testimony concerning beatings that reasonably could be connected to defendant's attempt to withdraw from a cocaine distribution network or to his resistance against participating in cocaine sales; the evidence of forceful overtures by both the undercover officer and DeFilippe, in the face of trial counsel's contradiction during summation that no immediate physical threat was made by DeFilippe; counsel's alleged failure to call essential witnesses to establish these allegations; and the hearsay evidence that trial counsel generally denied that he was apprised of the availability of such evidence. Also unclear is why trial counsel initially declined to call defendant to the stand, only to change his mind, and the extent to which he prepared defendant to testify. In view of the foregoing, there should be a hearing at which trial counsel would have an opportunity to counter defendant's allegations and explain his trial strategy and tactics.

The unpublished Decision and Order of this Court entered herein on March 12, 1992 is hereby recalled and vacated. Concur—Carro, J. P., Milonas, Wallach, Ross and Rubin, JJ.