■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CASTRICONE, Appellant. [637 NYS2d 901] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court should have held a hearing on defendant's *pro se* motion, made prior to sentencing, to set aside the verdict. The sole issue at trial was whether defendant was one of two men who committed the armed robbery of a Kentucky Fried Chicken restaurant on August 8, 1991. Defense counsel vigorously cross-examined the eyewitnesses and argued strenuously on summation that this was a case of mistaken identity. In support of his *pro se* motion, defendant argued that defense counsel's failure to call certain witnesses amounted to ineffective assistance of counsel. One of those witnesses, Johnnie Lane, stated in an affidavit that he was the driver of the car for the Kentucky Fried Chicken robbery that day, that defendant was not involved, and that individuals named Gordon and Brown were the two armed robbers. Defendant also asserted that he had asked his attorney to call Lane and two other witnesses, Mike Dickerson and Deputy Sheriff Davis, who he contended had overheard Gordon and Brown discussing their involvement in the robbery. Defendant further asserted that he had asked his attorney to obtain an expert witness to testify "regarding the accuracy of eyewitness identification." According to defendant, defense counsel

interviewed Lane but refused to call him as a witness, and did not interview the others identified by defendant.

On this record, we can discern no tactical reason for defense counsel's failure to call Lane, Dickerson and Deputy Davis to bolster defendant's claim of misidentification. Therefore, we remit the matter to Supreme Court for a hearing to provide defense counsel with an opportunity to explain his failure to call those witnesses or to provide a tactical explanation for the omission (see, People v Jenkins, 68 NY2d 896, 898; People v Linksman, 183 AD2d 510, 511). Defense counsel need not, however, justify his refusal to obtain an expert witness. Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.