THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT PRINTUP, Appellant. [681 NYS2d 182] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that he was denied effective assistance

of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). Defendant failed to preserve for our review his contentions that he was denied his constitutional right to a speedy trial and that County Court erred in refusing to conduct a hearing on the composition of the jury pool. We decline to consider those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe.

We reject the contention of defendant that the consecutive term of incarceration imposed for the crime of reckless endangerment in the first degree is illegal because the crime arose out of a single act that was a material element of the other crimes of which he was convicted. Although the rape, sodomy and reckless endangerment of the female victim took place over a continuous course of criminal activity, they were separate and distinct acts, and the consecutive term of incarceration was therefore proper (*see, People v Billinger,* 204 AD2d 562).

Finally, we note that, although the aggregate sentence imposed exceeds the maximum aggregate term set forth in Penal Law § 70.30 (1) (e) (vi), that section does not require that we modify the sentence. "[T]he section requires only that the Department of Correctional Services determine the aggregate maximum length of imprisonment consistent with the applicable statutory limitation" (*People v Bachman,* 158 AD2d 930, *lv denied* 75 NY2d 963). (Appeal from Judgment of Niagara County Court, Fricano, J.—Rape, 1st Degree.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.