■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JURGENSEN, Appellant. [732 NYS2d 815] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [3]), sodomy in the first degree (Penal Law § 130.50 [1]), two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), and two misdemeanor offenses. The complainant testified that a man with his head and face covered broke into her home in the early morning hours and forced her to perform sexual acts. The contention of defendant that he was taken into custody without probable cause is raised for the first time on appeal and thus is not preserved for our review (*see, People v Vasquez,* 66 NY2d 968, 970, *cert denied* 475 US 1109; *People v Rippy,* 195 AD2d 954, *lv denied* 82 NY2d 807). Contrary to defendant's further contention, the evidence is legally sufficient to establish that defendant was the perpetrator of the offenses (*see generally, People v Bleakley,* 69 NY2d 490, 495). The complainant described the belt worn by her attacker, and at the time of his arrest defendant was wearing a belt that matched that description. Furthermore, the evidence established that the perpetrator entered the house through the kitchen window, and fingerprints taken from the window and a chair next to the window matched those of defendant. In addition, shoe prints on the chair next to the window matched defendant's shoe prints. "There was no indication that the fingerprints [and shoe prints] were placed there innocently" (*People v Hunter,* 191 AD2d 645, *lv denied* 81 NY2d 1014; *see, People v Gaines,* 174 AD2d 1049, *lv denied* 79 NY2d 827). The verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

The contention of defendant that he received ineffective assistance of counsel because counsel failed to retain an expert witness for fingerprint analysis is without merit. "Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence" (*People v Castricone,* 224 AD2d 1019, 1020). County Court did not err in imposing consecutive sentences for the four felony offenses where, as here, the acts were separate and distinct (*see, People v Walter,* 283 AD2d 972, *lv denied* 96 NY2d 869; *People v Printup,* 255 AD2d 1000, 1001, *lv denied* 92 NY2d 1037). The sentence is not unduly harsh or severe. Although the aggregate maximum term exceeds the 50-year statutory limitation (*see,* Penal Law § 70.30 [1] [e] [vi]), "the Department of Correctional Services [will] calculate the aggregate maximum length of imprisonment consistent with the applicable [statutory] limitation" and reduce the maximum term accordingly (*People v Moore,* 61 NY2d 575, 578; *see, People v Printup, supra,* at 1001). We have considered

defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.