(December 19, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY D. MURRAY, Appellant. [752 NYS2d 442] —Peters, J. Appeals (1) from a judgment of the County Court of Albany County (Rosen, J.), rendered April 29, 1999, convicting defendant upon his guilty plea of the crime of robbery in the second degree, and (2) by permission, from an order of said court, entered July 17, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On August 31, 1997 at approximately 6:30 A.M., defendant entered a Price Chopper grocery store in the Town of Colonie, Albany County, approached the service desk and spoke with a former coworker requesting change for a dollar. After receiving four quarters, he left the store. Within moments, two men entered the store, approached the service desk and robbed the supermarket at gun point. Witnesses saw a black "jeep or GMC vehicle" speed away after the robbery. The next day, police authorities, learning that defendant drove such a vehicle, sought to interview him as a potential witness. Aid from neighboring police agencies was sought by advising that "[t]his subject is wanted at this time for questioning only, to be treated as a witness."

In the early morning hours of September 2, 1997, police authorities in the City of Schenectady, Schenectady County, located defendant and his vehicle and explained to him that the Colonie police wanted to look at his vehicle and speak with him. Defendant remained in a patrol vehicle awaiting their arrival. When Investigator James Gerace from the Colonie Police Department arrived, defendant and Gerace conversed. Thereafter, defendant, accompanied by an acquaintance, Leonard Lee, drove his vehicle to the Colonie police station following Gerace.[1]

Upon their arrival, defendant was advised of the August 31,

---

1. The record reveals that prior to defendant being located by the Schenectady police, he had called the Colonie police requesting information as to why they had been inquiring about him; he left a phone number where he

1997 early morning robbery at the Price Chopper just moments after he had been in the store and asked if he could provide any identifying information concerning the robbers. After being provided with his *Miranda* warnings, defendant signed a consent to search his vehicle which revealed some checks belonging to one of the victims. When confronted with this discovery, defendant's earlier version of the events on that day changed; he now explained that the checks were in his vehicle because he had been shopping with one of the victims. Eventually, defendant asserted that he had been forced at gunpoint to assist in the robbery because, as a former employee, he knew how the store operated. On the basis of this information and that from Lee, a search warrant was obtained for defendant's residence. That search revealed, inter alia, stolen property from the robbery, a quantity of marihuana and a handgun.

Charged with the robbery and other crimes, defendant retained counsel who, inter alia, engaged in conversations with Gerace concerning defendant's possible cooperation. At a Justice Court proceeding on September 8, 1997, defense counsel advised Gerace that defendant was willing to cooperate and assist in identifying the other subjects despite the lack of promises for special treatment as a result of the disclosures. Defendant's attorney declined the opportunity to be present during the interview. This time, upon being questioned by Gerace, defendant disclosed details of the robbery and signed a statement admitting his involvement.

Two indictments resulted. One charged defendant with two counts of robbery in the first degree and one count each of possession of stolen property in the second, third and fifth degrees. The second indictment charged him with one count of criminal possession of marihuana in the second degree. When pretrial suppression hearings began in early August 1998, defendant was represented by the Public Defender. Prior to completion of the hearings, defendant entered a plea of guilty to certain crimes and waived his right to appeal. Thereafter, County Court permitted the plea to be withdrawn and, in March 1999, suppression hearings resumed with new counsel. Again prior to completion of the hearing, a plea of guilty was entered. This time, defendant pleaded guilty to one count of robbery in the second degree in full satisfaction of both indictments without an express appellate waiver. As agreed, he was sentenced to an indeterminate prison term of 6 to 12 years. A subsequent CPL 440.10 motion asserting ineffective assistance of counsel

could be reached. Gerace called that phone number, spoke to defendant and reached an agreement to meet with him at a future time.

and malicious prosecution was denied without a hearing. Defendant appeals both his judgment of conviction and the denial of his CPL 440.10 motion.

Defendant challenges his "detention," the evidence seized from the searches, and the admission of his inculpatory statements. However, by entering a plea of guilty prior to the completion of the pretrial hearings and a determination on the outstanding issues, we find that he has foreclosed appellate review on these issues (*see People v Trimm*, 295 AD2d 640, 641, *lv denied* 98 NY2d 732; *People v Verducci*, 249 AD2d 684, 685).[2]

Addressing next the claim of ineffective assistance of counsel premised upon the failure of his first attorney to attend the police interview where inculpatory statements were made, we fail to find support for defendant's claim that his plea was rendered involuntary by defense counsel's conduct. Applying a "flexible standard" to this claim since ineffective assistance can vary according to the unique circumstances of each case, we conclude, after viewing counsel's representation in totality and as of the time of the representation (*see People v Baldi*, 54 NY2d 137, 147), that it lacks merit. Without "second guessing" how the defense might have been more effective (*see People v Satterfield*, 66 NY2d 796, 799), the record reveals that prior to his attorney's consent to the interview, defendant had already made inculpatory statements, and a search of his car and residence had revealed incriminating evidence. Counsel did not leave an uneducated naive individual to be questioned by police authorities; defendant was a college graduate with a degree in criminal justice and had prior involvement in the criminal justice system. Defendant's challenge to the denial of his CPL article 440 motion without a hearing is similarly unavailing. It is well established that in deciding such a motion, a court is not required to hold a hearing if the trial record and party submissions are sufficient (*see id.* at 799). Having failed to show that "the nonrecord facts sought to be established are material and would entitle him to relief" (*id.* at 799), we can find no error.

Nor is there error in the sentence imposed. As it falls within permissible statutory ranges and no proffer has been made demonstrating either an abuse of County Court's discretion or the existence of extraordinary circumstances, there is no basis to disturb County Court's ruling (*see People v Paige*, 289 AD2d

---

2. While we do not agree with the People's assertion that he entered a general waiver of the right to appeal when entering his plea, the record reflects that he did knowingly give up his right to have County Court rule upon his pending motions.

872, *lv denied* 97 NY2d 759; *People v Kisenik*, 285 AD2d 829, *lv denied* 97 NY2d 657; *People v Hines*, 277 AD2d 504, *lv denied* 96 NY2d 759).

Having reviewed and rejected the remaining issues as either lacking in merit or unpreserved which, if considered, would also be unmeritorious, we affirm.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.

