THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PRINCE, Appellant. [773 NYS2d 325]—Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered October 22, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), defendant contends that the verdict is against the weight of the evidence. We reject that contention. There is no basis to conclude that the jury failed to give the identification evidence the weight it should be accorded (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). We further reject the contention of defendant that he was denied effective assistance of counsel. With respect to defense counsel's alleged failure to obtain expert testimony or evidence, defendant has not demonstrated that such testimony or evidence was available or that it would have assisted the jury in its determination (*see People v Jurgensen,* 288 AD2d 937 [2001], *lv denied* 97 NY2d 684 [2001]; *People v Castricone,* 224 AD2d 1019, 1020 [1996]; *see also People v Skinner,* 224 AD2d 916 [1996]). The

further contention of defendant that he received ineffective assistance of counsel because he was advised by counsel not to testify "implicates strategic discussions between defendant and counsel that are dehors the record," and thus that contention is not reviewable on direct appeal (*People v Sanders*, 289 AD2d 101, 101 [2001], *lv denied* 97 NY2d 760 [2002]; *see People v Pozo*, 285 AD2d 520 [2001], *lv denied* 99 NY2d 538 [2002]). The remaining instances of alleged ineffective assistance lack merit. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.