◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD DEMETSENARE, Appellant. [787 NYS2d 515]—

Kane, J. Appeal, by permission, from an order of the County Court of Delaware County (Estes, J.), entered August 22, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of vehicular manslaughter in the second degree and the traffic infraction of failure to keep right, without a hearing.

In 1995, defendant's Chevrolet S-10 Blazer collided with a snowmobile, killing the snowmobile operator. This Court previously affirmed the portion of a judgment of conviction finding defendant guilty of one count of vehicular manslaughter in the second degree and the traffic infraction of failure to keep right (243 AD2d 777 [1997], *lv denied* 91 NY2d 833 [1997]). Defendant thereafter moved pursuant to CPL 440.10 to vacate his judgment of conviction based on allegations of ineffective assistance of counsel. He appeals from County Court's denial of his motion without a hearing.

In deciding a CPL 440.10 motion, the trial court need not hold a hearing if the parties' submissions are sufficient to render a determination (*see* CPL 440.30 [1], [4]; *People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Murray*, 300 AD2d 819, 821 [2002], *lvs denied* 99 NY2d 617 [2003], 100 NY2d 564 [2003]). Defendant must show that a hearing would establish material nonrecord facts that would entitle him to relief (*see People v Murray, supra* at 821). Where, as here, the judge hearing the motion also presided over defendant's prior proceedings, that judge is presumed to be "fully familiar with all aspects of the case" (*People v Loomis*, 256 AD2d 808, 808-809 [1998], *lv denied* 93 NY2d 854 [1999]). As that judge could determine from the written submissions that defendant's trial counsel pursued a strategy that might be employed by a reasonably competent attorney, no hearing was required here (*see People v Shamblee*, 222 AD2d 834, 835 [1995], *lv denied* 88 NY2d 994 [1996]).

To determine whether an attorney provided meaningful representation or whether counsel committed errors that were so serious as to deprive defendant of a fair trial, courts use a flexible approach in reviewing the totality of the circumstances, evidence and law as of the time of representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]). Hindsight disagreement with trial strategy or losing tactics must not be confused with true ineffectiveness of counsel (*see People v Baldi*, 54 NY2d 137, 146 [1981]). Defendant's numerous arguments here constitute such disagreement with strategy or displeasure with the outcome due to the use of certain tactics. Counsel's choice not to employ a tree expert to explain the lack of damage to a tree supposedly hit by defendant's Blazer was reasonable because counsel had concerns about the suggested expert's credibility, the cost of hiring an expert from out of town and his accident reconstruction expert could adequately address the alleged lack of damage to the tree. Defendant's motion submission of job quotes from employees of two tree companies who observed the tree more than one year after trial was inadequate. Neither doc-

ument was affirmed under oath, nor did they contain the authors' qualifications or expertise. The submission does not prove that the authors' testimony was available at the time of trial or that it would have assisted the jury in its determination (*see People v Prince*, 5 AD3d 1098, 1098 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]). Furthermore, the condition of the tree appears to have been changed in the interim by the removal of a branch on the side of the tree where contact allegedly occurred. Finally, the fact that they found no damage indicating collision by a vehicle is inapposite, as the prosecution's accident reconstruction expert mentioned "rubbing" or "scuff marks" on the tree as opposed to real damage.

Defense counsel adequately cross-examined the prosecution's expert witness. Although counsel did not ask the expert whether his failure to take measurements at the scene violated protocols for proper accident reconstruction, counsel made clear that the expert failed to take measurements and thus based his opinions on incomplete information. The witness acknowledged that part of the process of accident reconstruction involves taking measurements. Nevertheless, the witness provided an explanation for the lack of certain measurements. While perhaps not addressing every inconsistency in the expert's opinions and theories, counsel questioned the expert on many inconsistencies, including the expert's inadequate explanation of certain damage to the Blazer and the possibility that the Blazer's mirror was damaged by the snowmobiler's body coming from behind.

Defendant argues that counsel failed to investigate the law concerning snowmobile operation, which would have permitted him to argue that the victim caused or contributed to the accident. The submissions do not establish that counsel was unaware of the law or failed to investigate it. In any event, a reasonable attorney could have determined that, considering that the victim was killed in the accident and defendant was driving with a .14% blood alcohol content, an attack on the popular local victim was a poor strategy and would have alienated the jury.

Defendant also addresses counsel's failure to obtain a forensic video animation illustrating defendant's theory of the accident. Counsel allegedly did not order such a video because of concerns about its cost and admissibility. Such a video was produced after trial for purposes of the motion on appeal, at a cost of $10,000. Although defendant's accident reconstruction expert asserts that he urged counsel to order such a video for trial, the motion papers do not contain an affidavit from defendant or his wife

stating that they disagreed with counsel's decision not to order a video or that they were willing and able to pay for it. Regarding admissibility of such a video, case law was sparse at the time of trial, and even since then has indicated that admissibility rests in the trial court's sound discretion (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]; *People v Yates*, 290 AD2d 888, 889-890 [2002]; *Feaster v New York City Tr. Auth.*, 172 AD2d 284 [1991]; *see also People v McHugh*, 124 Misc 2d 559 [1984]). An accident reconstruction animation video is not proof of how the accident happened; it is admissible only if it will aid the jury in understanding expert testimony regarding the theory of reconstruction (*see Kane v Triborough Bridge & Tunnel Auth., supra* at 242; *People v Yates, supra* at 890). Here, counsel could reasonably rely on his expert to adequately convey and demonstrate the mechanics of his theory of the accident through his testimony and the use of charts and diagrams. On the motion, the same judge who presided at trial stated, after viewing the video, that he was unpersuaded that he would have admitted it into evidence at trial if it was available and offered. As counsel's concerns about the cost and admissibility were legitimate, he pursued a reasonable trial strategy by determining not to order an animation video and instead relying on the testimony of his accident reconstruction expert to provide the same information.

None of counsel's strategies or alleged errors were sufficient to constitute a deprivation of meaningful representation, either alone or when considered in the aggregate. The record confirms that counsel was effective under both the state and federal standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi, supra*). Thus, County Court properly denied defendant's motion without a hearing.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed.