■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH M. PRUE, Appellant. [811 NYS2d 455]—

Mugglin, J. Appeal, by permission, from an order of the County Court of Franklin County (Lawliss, J.), entered October 1, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of vehicular manslaughter in the second degree and driving while intoxicated (two counts) and the traffic infraction of failure to keep right, without a hearing.

On his direct appeal, one of defendant's arguments was that the evidence was not legally sufficient to establish his guilt of vehicular manslaughter in the second degree. For the reasons expressed in our previous decision, we disagreed (8 AD3d 894, 896 [2004], *lv denied* 3 NY3d 680 [2004]). During the pendency of the direct appeal, defendant, pro se, moved pursuant to CPL 440.10 to vacate the judgment of conviction based on ineffective assistance of counsel. County Court, without holding a hearing, denied his motion and defendant appeals by permission of this Court.

A single error of otherwise competent trial counsel does not

generally deprive a defendant of his or her constitutional right to the effective assistance of counsel (*see People v Turner*, 5 NY3d 476, 480-481 [2005]). Only where the single failing is of such prejudicial magnitude that there exists a reasonable likelihood of a different outcome is defendant deprived of his or her constitutional rights (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Douglas*, 296 AD2d 656, 657 [2002], *lv denied* 99 NY2d 535 [2002]). Here, defendant's single assertion of error is that trial counsel failed to use a letter in his possession from the People's pathologist, in which the latter, among other things, stated that he was "unable to determine if the head injuries were caused by the accident or shortly before the accident" to impeach the pathologist's trial testimony that the victim sustained a concussion in the accident. However, through cross-examination of the pathologist, defense counsel got him to acknowledge that the victim's concussion could have occurred from any number of events involving the victim prior to the accident. As the witness had already admitted what the letter would reveal, failure to use the letter does not constitute overwhelmingly prejudicial error (*see People v Nickel*, 14 AD3d 869, 872 [2005], *lv denied* 4 NY3d 834 [2005]). Moreover, as limited by the record before us, we conclude that counsel's performance met the objective standard of reasonable and meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Accordingly, we conclude that County Court properly denied defendant's motion without a hearing (*see* CPL 440.30 [4] [a]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed.