■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSHE CANTY, Appellant. [820 NYS2d 896]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Douglass, J.), entered September 27, 2004, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 18, 1999, convicting him of attempted murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

In deciding a motion pursuant to CPL 440.10, the trial court need not hold a hearing if the parties' submissions are sufficient to render a determination (*see* CPL 440.30 [1], [4]; *People v Satterfield,* 66 NY2d 796, 799 [1985]; *People v Demetsenare,* 14 AD3d 792, 793 [2005]). The defendant must show that a hearing would establish material nonrecord facts that would entitle him to relief (*see People v Satterfield, supra; People v Demetsenare, supra*). The defendant made no showing that his trial counsel's failure to contact additional alibi witnesses prejudiced his case and deprived him of meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). At trial, defense counsel presented an alibi defense and made forceful arguments that the defendant had been misidentified. Counsel made various pretrial motions, vigorously cross-examined the People's witnesses, and gave a cogent summation highlighting potential infirmities in the People's evidence (*see People v Taylor,* 1 NY3d 174, 177 [2003]; *People v Ryan,* 90 NY2d 822, 823 [1997]; *People v Cabezudo,* 303 AD2d 596 [2003]; *People v McDonald,* 255 AD2d 688 [1998]). Under these circumstances, counsel's alleged errors, as raised by the defendant in his moving papers, were insufficient to constitute a deprivation of meaningful representation (*see Strickland v Washington,* 466 US 668 [1984]; *People v Baldi, supra*). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.