■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDI E., Also Known as BRANDI G., Appellant. [834 NYS2d 895]—

Appeal from an adjudication of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 16, 2003. Defendant was adjudicated a youthful offender upon a jury verdict finding her guilty of assault in the first degree and endangering the welfare of a child.

It is hereby ordered that the adjudication so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a youthful offender adjudication upon a jury verdict finding her guilty of assault in the first degree (Penal Law § 120.10 [3]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, Supreme Court did not abuse its discretion in denying her request for an adjournment of the trial in order to obtain her own expert medical witness (*see generally People v Patterson*, 177 AD2d 1042 [1991], *lv denied* 79 NY2d 1052 [1992]). Defendant has not shown that her delay in seeking an expert was not a contributing factor in her request for the adjournment (*see People v Arroyave*, 49 NY2d 264, 271 [1980]). We note in addition that there was no evidence to suggest that the testimony of a medical expert obtained by defendant "would be 'material, noncumulative and favorable to the defense' " (*People v Canada*, 28 AD3d 1230, 1231 [2006]).

Defendant failed to preserve for our review her contention with respect to the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject her further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). It cannot be said that the testimony of the People's wit-

nesses was incredible as a matter of law (*see People v Woods*, 26 AD3d 818, 819 [2006], *lv denied* 7 NY3d 765 [2006]), and the "jury [was] 'free to selectively credit and reject any part of the testimony presented' by a witness" (*People v Bush*, 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005]).

Defendant failed to preserve for our review her further contention that her constitutional right of confrontation was violated when the court allowed the Medical Examiner to testify to hearsay information that she used in formulating her expert opinion, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Chambers*, 20 AD3d 928, 929 [2005], *lv denied* 5 NY3d 804 [2005]; *People v Craig*, 15 AD3d 919, 919-920 [2005], *lv denied* 4 NY3d 852, 5 NY3d 761 [2005]).

Finally, viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Gagliardo*, 283 AD2d 964 [2001], *lv denied* 96 NY2d 901 [2001]). The failure of defense counsel to obtain the testimony of an expert does not constitute ineffective assistance of counsel because defendant has not shown that "such testimony was available, that it would have assisted the jury in its determination or that [defendant] was prejudiced by its absence" (*People v Castricone*, 224 AD2d 1019, 1020 [1996]; *see People v Prince*, 5 AD3d 1098 [2004]). In any event, that alleged single error in failing to obtain expert testimony was not "so 'egregious and prejudicial' as to deprive . . . defendant of [her] constitutional right [to effective assistance of counsel]" (*People v Turner*, 5 NY3d 476, 480 [2005]; *see People v Prue*, 26 AD3d 671, 671-672 [2006], *lv denied* 7 NY3d 816 [2006]). Present— Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.