Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Chautauqua County Court (John T. Ward, J.), entered May 2, 2007. The order denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of assault in the first degree (two counts) and assault in the third degree.
It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him after a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [1]) and one count of assault in the third degree (§ 120.00 [2]). Defendant contends that County Court erred in denying the motion without conducting a hearing on two issues raised in his motion papers, i.e., juror misconduct and ineffective assistance of counsel. We agree. With respect to juror misconduct, we conclude that the sworn allegations that defendant learned after the verdict was rendered that a juror failed to disclose that she was the mother of defendant’s former girlfriend and that she knew defendant “required a hearing on the issue whether the juror’s alleged misconduct prejudiced a substantial right of defendant” (People v Saxton, 32 AD3d 1286, 1287 [2006]; see generally People v Rodriguez, 100 NY2d 30, 35-36 [2003]). With respect to ineffective assistance of counsel, defendant submitted the affidavit of his brother stating that defendant “is not responsible for the assault” against one of the victims, and defendant’s motion papers established that defense counsel failed to call defendant’s brother as a witness despite his willingness to testify. “[T]he failure to investigate or call exculpatory witnesses may amount *1141 to ineffective assistance of counsel” (People v Nau, 21 AD3d 568, 569 [2005]), and we conclude that the court should have conducted a hearing on the issue whether defendant was denied effective assistance of counsel. The court should have afforded defense counsel an opportunity to explain his alleged failure to investigate or to call that witness “or to provide a tactical explanation for the omission” (People v Castricone, 224 AD2d 1019, 1020 [1996]). We therefore hold the case, reserve decision and remit the matter to County Court for a hearing on those two issues. Present — Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.