# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1087

KA 10-01635

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD J. SZYSZKOWSKI, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (JOHN C. LUZIER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 26, 2010. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, criminal possession of stolen property in the fourth degree, unlawful operation of ATV on highway and operation of ATV without helmet.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Cattaraugus County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant was convicted following a jury trial of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). Defendant does not dispute that he was intoxicated when he was arrested or that the all-terrain vehicle (ATV) in question was stolen. He contends, however, that the evidence is legally insufficient to establish that he operated or possessed the ATV. We reject that contention. The circumstantial evidence presented by the People established that defendant was the person observed by the arresting police officer operating an ATV without a helmet shortly before defendant was arrested. The officer observed that the operator of the ATV wore a black hooded jacket and black pants, and that he had mud splattered on his clothing. Although the officer was unable to catch up to the ATV to effectuate a stop, he observed an ATV parked in the driveway of a house on a street in the area where the ATV was last seen. The ATV in the driveway was identical to the one previously observed by the officer, and its engine was warm to the touch. The resident of the house was a friend of defendant and indicated that defendant had arrived only moments before the officer did. She also informed the officer that she had no idea how the ATV arrived in her driveway but

that she heard a noise that sounded like an ATV moments before defendant arrived.  In addition, when he emerged from the house at the officer's request, defendant was wearing a black hooded jacket and black pants, and he had mud splattered on his back.  Finally, defendant lied to the officer concerning several matters and refused to provide his correct name and date of birth.  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a " 'valid line of reasoning and permissible inferences [that] could lead a rational person' " to conclude that defendant operated and thereby possessed the ATV (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678).

We also reject defendant's contention that the evidence is legally insufficient to establish that the value of the ATV exceeded $1,000, an element of criminal possession of stolen property in the fourth degree (*see* Penal Law § 165.45).  Pursuant to Penal Law § 155.20 (1), "value means the market value of the property at the time and place of the crime . . . ."  Evidence concerning the value of certain property is sufficient so long as there is "a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold" (*People v Sheehy*, 274 AD2d 844, 845, *lv denied* 95 NY2d 938).  Here, "[a]lthough the expert [who] appraise[d the ATV] did not examine [it] or have any knowledge of its condition, his testimony, taken together with the other evidence, established that the [ATV's] value was at least [$1,000]" (*People v Callendar*, 260 AD2d 315, 316, *lv denied* 93 NY2d 1015).  The expert testified that the resale value of a 1996 Honda Foreman 400 ATV, such as the one possessed by defendant, was $1,100 "[i]f it starts up, runs and shifts good."  Although, as noted above, the expert did not examine the ATV, there was sufficient evidence for the jury to conclude that it started, ran and shifted on the day that it was operated by defendant.  Indeed, the arresting officer testified that the ATV was traveling at approximately 35 to 40 miles per hour when it passed by him shortly before defendant was arrested, and an employee of the ski resort that owned the ATV testified that it operated "fine" before it was stolen and did not need any repairs when it was returned after defendant's arrest.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant failed to preserve for our review his contention that he was denied a fair trial with respect to one of the alleged instances of prosecutorial misconduct and, in any event, "we conclude that any alleged [prosecutorial] misconduct was not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Pruchnicki*, 74 AD3d 1820, 1822, *lv denied* 15 NY3d 855).  The sentence is not unduly harsh or severe.  We note, however, that the certificate of conviction incorrectly recites that defendant was convicted of refusal to submit to a field breath test under Vehicle and Traffic Law § 1194 (1) (b), and it must therefore be amended to reflect that

defendant was acquitted of that charge (*see People v Saxton*, 32 AD3d 1286).

Entered:   November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court