■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO AGUIRRE, Appellant. [938 NYS2d 916]—

On his direct appeal from the judgment of conviction, and on his appeal, by permission, from the order denying his motion pursuant to CPL 440.10 to vacate that judgment, the defendant contends that he was deprived of the effective assistance of counsel. Based on his claimed limited ability to speak and understand the English language, the defendant argues that his trial counsel was ineffective, inter alia, in failing to challenge at trial the voluntariness of the defendant's statement to law enforcement officers, asking the jury on summation to accept the statement at face value, and failing to request a jury charge on voluntariness. We disagree. "Viewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney" (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *see People v Evans*, 16 NY3d 571, 575-576 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Moreover, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction because the court could determine from the parties' submissions that the defendant was not deprived of the effective

952

assistance of counsel (*see* CPL 440.30 [1], [2], [4]; *People v Satterfield*, 66 NY2d at 799; *People v Canty*, 32 AD3d 1043, 1044 [2006]; *People v Demetsenare*, 14 AD3d 792, 793 [2005]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.