■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMANDA M. CARD, Appellant. [981 NYS2d 827]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 30, 2011, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant was employed as a housekeeper at an assisted living facility where she was accused of stealing jewelry from an elderly resident. She was convicted of grand larceny in the third degree and sentenced to a prison term of 2⅓ to 7 years. She now appeals.

The weight of the evidence supports the verdict. Although the victim died prior to trial, her son identified photographs of the jewelry that he had placed in a lockbox for his mother and testified that, while she was in the hospital, he discovered the lockbox missing from its usual place in his mother's dresser in her apartment at the facility. Defendant had access to the victim's apartment, and a friend who helped defendant sell the jewelry testified that defendant described finding the jewelry in a small safe in a dresser belonging to a resident of the facility. Two other friends of defendant testified, one regarding defendant's admissions that she stole jewelry from an elderly woman at the facility and another describing defendant's suspicious conduct while trying to sell the jewelry. The credibility of these prosecution witnesses was fully explored at trial. A jeweler also identified a photograph of a watch stolen from the victim as one he had purchased from defendant.

As part of our review of the weight of the evidence, we conclude that the People's expert jewelry appraiser provided testimony that permitted the jury to reasonably infer that the value of the stolen jewelry was more than $3,000 (see Penal Law § 155.35; *People v Royster*, 107 AD3d 1298, 1300-1301 [2013], *lv denied* 22 NY3d 958 [2013]; *People v Szyzskowski*, 89 AD3d 1501, 1502 [2011]; *People v Hardy*, 57 AD3d 1100, 1102 [2008], *lv denied* 12 NY3d 784 [2009]). The expert was familiar with the jewelry, inasmuch as she had earlier appraised it for insurance purposes and had sold some of the pieces to the victim. Based on photographs of the jewelry, her prior appraisals and her experience, the expert was able to assign a fair market value of over $11,000 to the stolen pieces at the time of their theft. The expert also opined that, based on her personal knowledge, the victim took good care of the jewelry, and wear and tear was to be expected, but that would not significantly affect its value.

Based on the foregoing, we cannot agree that defense

counsel's failure to make a specific motion for a trial order of dismissal on the ground that the evidence of the value of the stolen jewelry was insufficient rises to the level of ineffective assistance, inasmuch as such a motion had " 'little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]). Nor did counsel's failure to call an opposing expert appraiser amount to ineffective assistance where, as here, counsel vigorously cross-examined the People's expert in an attempt to undercut her testimony regarding the value of the jewelry (*see People v Auleta*, 82 AD3d 1417, 1419-1420 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Demetsenare*, 14 AD3d 792, 794 [2005]). In any event, defendant has not demonstrated that there was an available expert appraiser with similar qualifications who would have provided beneficial testimony to the defense (*see People v Demetsenare*, 14 AD3d at 794; *People v Prince*, 5 AD3d 1098, 1098 [2004], *lv denied* 2 NY3d 804 [2004]).

Finally, we are unpersuaded by defendant's claim that the sentence was harsh and excessive. Given defendant's extensive criminal history, her lack of remorse and her violation of trust by victimizing a vulnerable elderly person, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (*see People v Alnutt*, 101 AD3d 1461, 1466 [2012], *lv denied* 21 NY3d 941 [2013], *cert denied* 571 US —, 134 S Ct 1035 [2014]; *People v Arquette*, 281 AD2d 652, 652 [2001]; *People v Shea*, 254 AD2d 512, 513 [1998]).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.