THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERHAN CORIOLAN, Appellant. [30 NYS3d 303]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Kron, J.), rendered May 24, 2012, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated January 21, 2014, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate his judgment of conviction. The appeal from the judgment brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment and the order are affirmed.

The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his waiver of *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) was rendered

invalid by the preamble read to him by the assistant district attorney who conducted the pre-arraignment interview is unpreserved for appellate review, as the defendant failed to move to suppress his statements on this ground or otherwise raise the issue before the Supreme Court (*see* CPL 470.05 [2]; *People v Grant*, 96 AD3d 779, 780 [2012]). In any event, while we agree that the preamble read to the defendant violated the principles enunciated in *People v Dunbar* (24 NY3d 304, 316 [2014]) and rendered the subsequent *Miranda* warnings inadequate and ineffective in advising the defendant of his rights (*id.* at 316; *People v Marino*, 135 AD3d 877 [2016]; *People v Rivera*, 128 AD3d 1100 [2015]), any error in the admission of that statement at trial was harmless beyond a reasonable doubt. The other evidence of the defendant's guilt was overwhelming, and there is no reasonable possibility that the admission of the defendant's statement, the substance of which was largely exculpatory, contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's claim that he was deprived of a fair trial by certain statements made by the prosecutor during summation is partially unpreserved for appellate review (*see* CPL 470.05; *People v Morris*, 2 AD3d 652 [2003]; *People v McHarris*, 297 AD2d 824 [2002]). In any event, many of the challenged statements constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v McHarris*, 297 AD2d at 825), or were a fair response to defense counsel's comments during summation (*see People v Adamo*, 309 AD2d 808 [2003]; *People v Vaughn*, 209 AD2d 459 [1994]). To the extent certain statements were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial (*see People v Almonte*, 23 AD3d 392, 394 [2005]; *People v Svanberg*, 293 AD2d 555 [2002]).

Finally, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Contrary to the defendant's contention, the court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (*see* CPL 440.30 [1], [2], [4]; *People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Aguirre*, 92 AD3d 951, 951-952 [2012]; *People v Canty*, 32 AD3d 1043, 1044 [2006]; *People v Demetsenare*, 14 AD3d 792, 793 [2005]). Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.