■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. STEINER, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant appeals from a conviction of criminal sale of a controlled substance, second degree, arguing that the People did not establish a proper chain of custody of the cocaine purchased from him by an undercover police officer; therefore, the cocaine was inadmissible. We agree.

"When real evidence is purported to be the actual object associated with a crime, the proof of accuracy has two elements. The offering party must establish, first, that the evidence is identical to that involved in the crime; and, second, that it has not been tampered with" *(People v Julian,* 41 NY2d 340, 342-343; *People v Washington,* 96 AD2d 996, 997). "[T]he accuracy of the object itself is the focus of inquiry, which must be demonstrated by clear and convincing evidence" *(People v McGee,* 49 NY2d 48, 59, *cert denied* 446 US 942). "While a fungible item, such as a package of white powder, presents special difficulties in proving the necessary authenticity, the offering party is required to establish only the same two elements, namely, that it is the identical evi-

dence and has not been tampered with" *(People v Julian, supra,* at 343; *People v Gamble,* 94 AD2d 960).

"Proof of a complete chain of custody is one accepted technique for showing the authenticity of a fungible item of real evidence" *(People v Julian, supra,* at 343). While admissibility of a fungible item "generally requires that all those who have handled the item 'identify it and testify to its custody and unchanged condition' " *(People v Connelly,* 35 NY2d 171, 174, quoting *People v Sansalone,* 208 Misc 491, 493), failure to establish a complete chain of custody "may be excused 'where the circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" *(People v Julian, supra,* at 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35). Therefore, where the People's evidence provides reasonable assurances of the identity of the narcotics and of their unchanged condition, it is not necessary for the People to call, for example, the postal employees who handled the mailing of the evidence to the laboratory or the evidence clerk who received the package, nor is it required for the People to "establish the precise day-by-day location of the narcotics within the laboratory" *(People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652).

In the case at bar, the People failed to present evidence sufficient to provide reasonable assurance that the evidence was in an unchanged condition. In fact, the testimony and documentary evidence established conclusively that the condition of the cocaine had changed considerably as it passed along the chain, both in color and consistency. Both the undercover officer and his superior testified that the cocaine was in the form of white powder immediately after its purchase. The report of the chemist who performed the first analysis indicated that the cocaine was reddish powder with white chunks. The second chemist who analyzed the substance testified that it was reddish powder. He did not observe any chunks in it. At trial, the powder that was introduced into evidence contained no chunks and was described by different witnesses as being pink, purple, light violet, and red. Although the chemist testified that he has observed cocaine turn from white to red in color on a few occasions, there was no testimony concerning whether it is possible for cocaine to change from powder to powder containing chunks, then back to powder again. In the absence of such testimony, it cannot be concluded that the substance purchased from defendant was in an unchanged condition.

Moreover, the evidence presented by the People did not

provide reasonable assurance of the identity of the substance. The first chemist who analyzed the substance did not testify at trial. The second chemist who analyzed the substance testified that it is proper procedure for every chemist to initial every container when he is finished with it, yet the first chemist's initials do not appear on the plastic bag that contained the drugs.

Because the evidence failed to establish the two requirements of identity and unchanged condition, a chain of custody was not established and the evidence should not have been admitted at defendant's trial. (Appeal from judgment of Erie County Court, McCarthy, J.—criminal sale of controlled substance, second degree.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ.