■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS BASILE, Respondent.—Order, Supreme Court, New York County (Alfred H. Kleiman, J.), entered February 2, 1990, granting defendant's motion to suppress physical evidence, unanimously reversed, on the law, and the matter remanded for a continued *Mapp* hearing.

On August 2, 1989, at approximately 3:20 P.M., Police Officer Mooney of the Tactical Narcotics Team observed defendant conversing with a man in the doorway of 512 West 162nd Street. From a distance of about one hundred feet, Officer Mooney saw defendant hand money to the other man and receive something in exchange. Defendant then walked past Officer Mooney; he was looking at a plastic bag containing white powder. The officer radioed a description of defendant and his direction of travel to his field team. Defendant entered a car and was followed by the backup team, which eventually stopped the car at 165th Street and Riverside Drive and arrested and searched defendant. A plastic bag containing cocaine was recovered from defendant's boot.

At the suppression hearing, cross-examination of the two

testifying police officers was delayed inasmuch as they failed to bring all their *Rosario* material with them. After both had completed their direct examination, the Justice presiding asked, "Aside from cross-examination, that's the People's case?" When the prosecutor answered, "yes", the court assumed that the defense had rested and granted defendant's motion to suppress, concluding that "[t]here is no evidence before this Court based on any experience whatsoever that this officer had any reason to believe this was in fact cocaine" and that, since defendant was never questioned, his arrest was based on mere suspicion. We reverse and remand for a continuation of the hearing.

Probable cause does not require proof beyond a reasonable doubt but rather "merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed". *(People v McRay,* 51 NY2d 594, 602.) Here, Officer Mooney testified that he saw defendant give another man money and receive in exchange something that the officer identified immediately thereafter as a plastic bag containing white powder. This is precisely the type of observation that the *McRay* court found to be sufficient indicia of a drug sale, irrespective of the observing officer's experience, to warrant an arrest. *(Supra,* at 604.) Indeed, that a drug sale had probably taken place here would have been obvious to any civilian. Moreover, since Officer Mooney had probable cause to arrest defendant, the backup officers could make the arrest based on Mooney's radio transmission. *(See, e.g., People v Lypka,* 36 NY2d 210.) Since the People submitted sufficient proof on the probable cause issue, the suppression order is reversed and the matter remanded for a continuation of the hearing. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.