■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BURGOS, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J., at Sandoval hearing and jury trial), rendered April 11, 1989, convicting defendant of robbery in the first degree, and sentencing him as a second felony offender to a term of imprisonment of from 10 to 20 years, unanimously affirmed.

Defendant's conviction arises out of his on-the-scene arrest for acting in concert with another unapprehended person in the robbery of a livery cab driver of his money and cab at knifepoint. Defendant was identified not only by the robbery victim, who suffered cuts on his neck and back inflicted by

defendant's knife, but also by two eyewitnesses who observed defendant exit the stolen cab carrying a knife.

The hearing court did not abuse its discretion in its *Sandoval* ruling when it held that, should defendant testify, the prosecutor would be permitted to inquire only as to the fact of defendant's three prior felony convictions, two in 1981 and one in 1973, without inquiry as to the underlying facts of each conviction *(see, e.g., People v Bennette,* 56 NY2d 142). It should be noted that defendant was incarcerated for at least 7-½ years during the period between his earlier conviction and the time of trial.

There is no merit to defendant's claim that the prosecutor's comments in summation deprived defendant of a fair trial. As defense counsel's summation repeatedly attacked the credibility of virtually every witness called by the People, the prosecutor's comments on credibility constituted appropriate response *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Additionally, other than for one isolated comment, a general objection to which was promptly sustained by the trial court, the People's summation constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396).

The unpublished decision and order of this Court entered herein on December 17, 1991, is hereby recalled and vacated. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.