■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY GRANT, Appellant

The defendant moved pursuant to CPL 170.30 to dismiss the indictment upon the ground that he had been denied his statutory right to a speedy trial *(see,* CPL 30.30). His motion was supported only by the affirmation of defense counsel, who never produced the minutes of the several adjournments of the case to rebut the arguments advanced by the Assistant District Attorney in her affirmation in opposition to the motion. Based upon the record before us *(cf., People v Clendinen,* 173 AD2d 366), we agree with the Supreme Court that

any period of delay attributable to the People was well within six months.

We also reject the defendant's contention that the cocaine purchased from, or with the help of, the defendant should not have been admitted into evidence. The People had shown a chain of custody for the cocaine through the testimony of the undercover officer who purchased the drugs, the proof that he sealed the drugs in the presence of his supervising officer, the testimony of various police chemists concerning testing the drugs and resealing their container, and they thereby provided reasonable assurances of the identity of the narcotics and of their unchanged condition *(see, People v Julian,* 41 NY2d 340; *People v Griffith,* 171 AD2d 678; *People v Newman,* 129 AD2d 742; *cf., People v Steiner,* 148 AD2d 980). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.