■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LUNA, Appellant. [594 NYS2d 804] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Dounias, J.) rendered December 5, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that there was probable cause to arrest the defendant based upon the testimony of the undercover officer who had purchased the cocaine from the defendant *(see, People*

*v Basile,* 174 AD2d 472). The court also properly determined that the statements made by the defendant after he was stopped by the police were voluntary and spontaneous *(see, People v Rivers,* 56 NY2d 476; *People v Quezada,* 177 AD2d 660). Moreover, the fact that the defendant may have been under the influence of narcotics does not detract from the voluntary nature of the statements in this case *(see, People v Brooks,* 174 AD2d 1050; *People v Jackson,* 162 AD2d 715).

The defendant's contention that he was never notified of his right to testify before the Grand Jury is meritless. The transcript of the defendant's arraignment before the First District Court, Suffolk County, indicates that the People served upon the defendant's counsel, who was appearing for arraignment purposes only, a notice pursuant to CPL 190.50 (5) (a) of their intent to present the matter to the Grand Jury and of his right to appear and testify as a witness. Accordingly, the defendant was apprised of his right to appear as a witness at the Grand Jury proceedings *(see,* CPL 190.50 [5] [a]; *People v Brooks,* 184 AD2d 518).

The defendant's further contentions with respect to various rulings by the trial court are also meritless. The *Sandoval* ruling reveals that the court gave careful consideration to avoiding undue prejudice to the defendant and constituted a proper exercise of discretion *(see, People v Burgos,* 178 AD2d 299; *People v Moore,* 178 AD2d 561; *People v Vaughn,* 175 AD2d 414). The testimony of the undercover officer who made the purchase and of the police chemist who performed the laboratory analysis provided the proper foundation for the admission of the cocaine into evidence, and any change in the condition of the cocaine was adequately explained as the result of the chemist's analysis *(see, People v Grant,* 179 AD2d 677; *People v Poulsen,* 161 AD2d 609).

Neither the testimony concerning the defendant's violent resistance to the arrest, which included the stabbing of an officer, nor the testimony concerning a yellow box which the defendant threw from his car while attempting to evade the police, constituted improper evidence of uncharged crimes *(see, People v Almonte,* 177 AD2d 403).

The sentence imposed is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.