■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ESPINO, Appellant. [616 NYS2d 782] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 3, 1991, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed as to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant contends that his conviction must be reversed, and the indictment dismissed, because the trial court erred in admitting into evidence the cocaine allegedly sold by the defendant and his codefendant on September 20, 1990, to an undercover police officer. We agree. The record reveals that the People failed to establish the complete chain of custody for the cocaine which was admitted into evidence. Such a failure to establish a chain of custody may be excused where the circumstances provide reasonable assurances as to the identity and the unchanged condition of the evidence (People v Julian, 41 NY2d 340, 343; People v Newman, 129 AD2d 742). Here, however, the testimony adduced at trial was insufficient to provide reasonable assurances of the unchanged condition of the cocaine. In fact, the testimony established that the undercover officer purchased a white powdery substance, but the cocaine admitted into evidence at trial was "brownish-white" and hard. Although the police chemist testified that under certain conditions the color of cocaine can change from white to brown, the People failed to proffer an explanation as to the change in the texture of the cocaine between the time that it was purchased by the undercover officer and the time that it was introduced at trial (see, People v Steiner, 148 AD2d 980; cf., People v Luna, 191 AD2d 588). Thus the cocaine was inadmissible, rendering the evidence against the defendant legally insufficient to establish that he sold a controlled substance. Accordingly, the defendant's conviction for criminal sale of a controlled substance in the first degree must be reversed, and the indictment dismissed.

In light of the foregoing, it is unnecessary to reach the defendant's remaining contentions. Lawrence, J. P., O'Brien, Friedmann and Krausman, JJ., concur.