■ The People of the State of New York, Respondent, v Dirk Hall, Also Known as Derrick Hall, Appellant. [624 NYS2d 58] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Griffin, J.) both rendered September 24, 1992, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree under Indictment No. 6716/91, upon a jury verdict, and criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under Indictment No. 10439/92, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss Indictment No. 6716/91.

Ordered that the judgments are reversed, on the law, the defendant's motion pursuant to CPL 30.30 to dismiss Indictment No. 6716/91 is granted, Indictment No. 6716/91 is dismissed, and the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to withdraw his plea of guilty under Indictment No. 10439/92.

The People contend that the defendant consented to an adjournment because his counsel did not object to it. We disagree. Because a defendant's right to a speedy trial pursuant to CPL 30.30 "is not dependent in any way on whether [he] has expressed his readiness for trial" (People v Hamilton, 46 NY2d 932, 933-934), the defendant's consent to an adjournment must be clearly expressed (see, People v Liotta, 79 NY2d 841, 843). Further, where the court grants an adjournment after the People have indicated their readiness for trial, the People have the burden of clarifying the basis for the adjournment (see, People v Liotta, supra).

Here, the record regarding the two adjournments at issue was devoid of any clear consent expressed by the defendant. Further, the People failed to meet their burden of clarifying on the record the basis for the second adjournment. As such, both the adjournments, totalling 32 days, were chargeable to the People resulting in a violation of the defendant's right to a speedy trial. Therefore, his convictions under Indictment No. 6716/91 motion must be reversed and that Indictment must be dismissed.

Accordingly, the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to withdraw his guilty plea under Indictment No. 10439/92 (see, People v Gaskins, 171 AD2d 272, 281).

In view of the foregoing, the defendant's remaining contentions need not be addressed. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.