■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MONTOYA, Appellant. [664 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered November 17, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal sale of a controlled substance in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the trial evidence was legally insufficient to establish beyond a reasonable doubt his guilt of criminal sale of a controlled substance in the third degree. The People failed to establish a complete chain of custody for the five tin foil packets of cocaine that the defendant allegedly sold, and also failed to adduce testimony providing reasonable assurances of the identity and the unchanged condition of that evidence (People v Julian, 41 NY2d 340, 342-343; see also, People v Steiner, 148 AD2d 980). There was testimony that the cocaine recovered from the buyer was a white powder. However, the police chemist testified that the substance he analyzed was a "chunky", "solid material", which

was beige or off-white in color. While there was evidence that a chemist, who had since retired, previously analyzed the substance, the People never attempted to explain how the consistency of the substance changed from powdery to chunky, and how the color changed from white to beige or off-white. Consequently, the substance was inadmissible, rendering the evidence against the defendant legally insufficient to establish that he sold a controlled substance (*see, People v Espino,* 208 AD2d 556; *People v Steiner, supra*).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.