■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOUGLAS, Appellant. [807 NYS2d 393]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered October 24, 2003, convicting him of criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The People failed to adduce testimony providing reasonable assurances of the identity and the unchanged condition of the cocaine the defendant allegedly possessed (*see People v Julian,* 41 NY2d 340, 343-345 [1977]; *People v Montoya,* 244 AD2d 510, 510-511 [1997]; *People v Espino,* 208 AD2d 556, 557 [1994]; *People v Steiner,* 148 AD2d 980, 981-982 [1989]). Consequently, that evidence was inadmissible, rendering the evidence against the defendant legally insufficient to support a conviction of

criminal possession of a controlled substance in the fourth degree (*see* Penal Law § 220.09 [1]; *People v Julian, supra* at 343-345; *People v Montoya, supra* at 510-511; *People v Espino, supra* at 557; *People v Steiner, supra* at 981-982; *cf. People v Sarmiento*, 168 AD2d 328 [1990], *affd* 77 NY2d 976 [1991]).

The defendant does not argue that the drug paraphernalia were erroneously admitted into evidence. Rather, he argues that the convictions of two counts of criminally using drug paraphernalia in the second degree were not supported by legally sufficient evidence and the verdict of guilt thereof was against the weight of the evidence. The defendant has not preserved his contention that the evidence was legally insufficient to sustain those counts (*see People v Gray*, 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence as to the counts charging criminally using drug paraphernalia in the second degree was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 220.50). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.