■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CHILDS, Appellant. [814 NYS2d 269]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered March 16, 2004, convicting him of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention on appeal, the Supreme Court properly denied his motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30. The defendant is correct to the extent that he argues that the People should have been charged with an additional eight days of delay for the period from March 19, 2003 to March 26, 2003 (*see People v Hall*, 213 AD2d 558 [1995]). However, even counting these additional days, the total time chargeable to the People was still

less than six months (*see* CPL 30.30 [1] [a]). Thus, the defendant's motion was properly denied.

However, the defendant is correct that his convictions of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree must be vacated. The People did not demonstrate either a complete chain of custody for the evidence giving rise to those counts, or circumstances providing reasonable assurances as to the identity and unchanged condition of the evidence (*see People v Julian,* 41 NY2d 340, 341 [1977]; *People v Montoya,* 244 AD2d 510 [1997]; *People v Espino,* 208 AD2d 556 [1994]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.