■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RIVERA, Appellant. [8 NYS3d 662]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered April 29, 2013, convicting him of burglary in the second degree, grand larceny in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defend-

ant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials is granted, the count in the indictment charging the defendant with possession of burglar's tools is dismissed, and a new trial is ordered on the counts in the indictment charging burglary in the second degree and grand larceny in the fourth degree.

The defendant was charged with burglary in the second degree, grand larceny in the fourth degree, and possession of burglar's tools, after he allegedly entered the victim's home via the bedroom window of the victim's infant daughter while the home was unoccupied. On appeal, the defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress his videotaped pre-arraignment statement to law enforcement officials, as his waiver of *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) was rendered invalid by the preamble read to him by the district attorney's detective investigator who conducted the pre-arraignment interview.

At issue is whether the preamble effectively vitiated, or at least neutralized, the effect of the subsequently delivered *Miranda* warnings (*see People v Dunbar*, 24 NY3d 304, 316 [2014]). Before the defendant was read his *Miranda* rights, the detective investigator said to him (1) "if you agree to speak with us, you may, if you wish, explain what you did and what occurred at that date, time, and place," (2) "[i]f . . . you have an alibi . . . and you want to tell us where you were, we will ask that you please give us as much information as you can, including the names of any people you were with," and (3) "[i]f you agree to speak to us and your version of the events of that day differs from what we have heard, you may, if you so choose, tell us your story." Thus, a clear implication was conveyed to the defendant that he ought to speak to the detective investigator and the assistant district attorney present at the interview in order to set forth his version of events so that they could be investigated. As such, the preamble here, as in *Dunbar*, rendered the subsequent *Miranda* warnings inadequate and ineffective in advising the defendant of his rights (*see People v Dunbar*, 24 NY3d at 316; *cf. People v Jones*, 46 Misc 3d 1214[A], 2015 NY Slip Op 50059[U] [Sup Ct, Queens County 2015]).

Under the circumstances of this case, the error in admitting the defendant's videotaped pre-arraignment statement into evidence at trial was not harmless beyond a reasonable doubt

(*see People v Hardy*, 4 NY3d 192, 198-199 [2005]; *People v Dunbar*, 104 AD3d 198, 214 [2013], *affd* 24 NY3d 304 [2014]).

We note that the People correctly concede on appeal that the defendant's conviction of possession of burglar's tools is not supported by legally sufficient evidence.

The defendant's arguments regarding the legal sufficiency and weight of the evidence as to the other counts of the indictment on which the defendant was convicted are without merit.

The defendant's arguments that certain remarks made by the prosecutor during his opening statement and summation deprived him of a fair trial and that certain photographic evidence should not have been admitted into evidence are without merit.

The defendant's argument regarding pre-arraignment delay is unpreserved for appellate review (*see* CPL 470.05) and, in any event, without merit. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.