■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO MARINO, Appellant. [23 NYS3d 347]—

Appeals by the defendant from two judgments of the Supreme Court, Queens County (Margulis, J.), both rendered September 12, 2012, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, criminal mischief in the third degree, and attempted grand larceny in the fourth degree under indictment No. 3143/11, upon a jury verdict, and grand larceny in the third degree, criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and endangering the welfare of a child (two counts) under indictment No. 3213/11, upon a jury verdict, and imposing sentences. The appeals bring up for review so much of an order of the same court (Paytner, J.), dated March 29, 2012, as, after a hearing, denied that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment under indictment No. 3143/11 is modified, on the law, by vacating the convictions of criminal mischief in the third degree and attempted grand larceny in the fourth degree, and vacating the sentences imposed thereon; as so modified, the judgment under indictment No. 3143/11 is affirmed, that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials is granted, the order dated March 29, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

Ordered that the judgment under indictment No. 3213/11 is modified, on the law, by vacating the convictions of grand larceny in the third degree and criminal possession of stolen property in the third degree and vacating the sentences imposed thereon; as so modified, the judgment under indictment No. 3213/11 is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

We agree with the defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his videotaped statement to law enforcement officials. The preamble read to the defendant by the detective investigator from the district attorney's office who conducted the pre-arraignment interview, prior to advising the defendant of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), violated the principles enunciated in *People v Dunbar* (24 NY3d 304, 316 [2014]), and rendered the subsequent *Miranda* warnings "inadequate and ineffective" in advising the defendant of his rights (*id.* at 316; *see People v Rivera*, 128 AD3d 1100, 1101 [2015]). In that statement, the defendant admitted his guilt of the acts underlying the charges of criminal mischief in the third degree and attempted grand larceny in the fourth degree under indictment No. 3143/11, with respect to his alleged attempt to steal a vehicle on August 23, 2011. The error in admitting the videotaped statement is not harmless and requires reversal if, "however overwhelming may be the quantum and nature of other proof, . . . there is a reasonable possibility that the [error] might have contributed to the conviction" (*People v Crimmins*, 36 NY2d 230, 240-241 [1975] [internal quotation marks omitted]).

Here, although the other evidence of the defendant's guilt was overwhelming, under the circumstances of this case, there is a reasonable possibility that the error in admitting his videotaped statements about the acts underlying the charges

of criminal mischief in the third degree and attempted grand larceny in the fourth degree under indictment No. 3143/11 may have contributed to his conviction of those crimes. Further, his videotaped admissions demonstrated an intent to steal, and there is a reasonable possibility that they may have contributed to the defendant's conviction of grand larceny in the third degree and criminal possession of stolen property in the third degree under indictment No. 3213/11, relating to his taking of a vehicle on August 16, 2011. Accordingly, a new trial is warranted on those counts (*see People v Rivera*, 128 AD3d at 1101-1102).

However, with respect to the charges of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree under indictment No. 3143/11, relating to the defendant's possession of a stolen vehicle on August 10, 2011, there is no reasonable possibility that the admission of the videotaped statement may have contributed to the defendant's convictions on those charges. The defendant was apprehended by the police when he was in possession of that vehicle several days after it was stolen. The vehicle was visibly damaged, since its mirrors had been removed. Further, the defendant spontaneously admitted to the police that his use of the vehicle was unauthorized. Similarly, there is no reasonable possibility that the admission of the videotaped statement may have contributed to the defendant's convictions of unauthorized use of a vehicle in the third degree and endangering the welfare of a child (two counts) under indictment No. 3213/11, relating to his taking of a vehicle on August 16, 2011, with two children inside. In a written statement to the police, the defendant admitted that he took the vehicle, and his presence in the vehicle was established by DNA evidence.

The defendant's challenges to the proof of guilt are unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of all charges of which he was convicted. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentences imposed for the crimes of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree under indictment No. 3143/11, and unauthorized use of a vehicle in the third degree and

endangering the welfare of a child (two counts) under indictment No. 3213/11, were not excessive (*see People v Delgado*, 80 NY2d 780 [1992]). With respect to the remaining counts, in light of the determination herein, the propriety of the sentences imposed with respect to those counts is academic. The defendant's remaining contentions, including those contentions raised in his pro se supplemental brief, are without merit, or do not warrant reversal. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.