■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEASIN FREDERIQUE, Appellant. [26 NYS3d 885]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 24, 2012, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Modica, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the People's argument, the defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress his statement to law enforcement officials as the product of an illegal arrest was preserved for appellate review (see CPL 470.05 [2]; *People v Nielsen*, 89 AD3d 1041, 1041 [2011]). However, the defendant's contention is without merit. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985]). Here, the credible evidence at the suppression hearing established that the police had probable cause to arrest the defendant (see id. at 423; *People v Johnson*, 135 AD3d 960 [2016]).

The defendant's contention that his waiver of his *Miranda* rights (see *Miranda v Arizona*, 384 US 436 [1966]) was rendered invalid by the preamble read to him by the district attorney's detective investigator who conducted the prearraignment interview (see e.g. *People v Rivera*, 128 AD3d 1100, 1101 [2015]), is unpreserved for appellate review inasmuch as the defendant failed to move to suppress his statement on this ground or otherwise raise the issue before the Supreme Court (see CPL 470.05 [2]; *People v Grant*, 96 AD3d 779, 780 [2012]). We decline to reach that issue in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]). Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.