Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered March 29, 2012, convicting him of criminal possession of a forged instrument in the second degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant’s omnibus motion which was to suppress his statement to law enforcement officials.
Ordered that the judgment is affirmed.
We agree with the defendant’s contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his videotaped statement to law enforcement officials. The preamble read to the defendant by the detective investigator from the district attorney’s office who conducted a prearraignment interview, prior to advising the defendant of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]), violated the principles enunciated in People v Dunbar (24 NY3d 304, 316 [2014]) and rendered the subsequent Miranda warnings inadequate and ineffective in advising the defendant of his rights (see id. at 316; People v Marino, 135 AD3d 877 [2016]; People v Rivera, 128 AD3d 1100 [2015]). However, the error in *1138 admitting that statement at trial was harmless beyond a reasonable doubt.
A constitutional error requires reversal of a conviction and a new trial unless the error is harmless beyond a reasonable doubt, that is, the proof of the defendant’s guilt, without reference to the error, is overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 237-242 [1975]). Here, in the absence of the defendant’s statement, the other proof presented at trial overwhelmingly established the defendant’s guilt. That evidence included, inter alia, the defendant’s personal identification and the visibly altered forged check he attempted to cash, both of which he left at the check-cashing business when he ran out of the store upon hearing police sirens, as well as a customer profile photograph taken of the defendant at the store as part of the check-cashing process. Considering the weight and nature of the other proof of the defendant’s guilt, there is no reasonable possibility that the admission of the defendant’s statement, the substance of which was largely exculpatory, contributed to his convictions (see People v Crimmins, 36 NY2d at 237).
The defendant’s remaining contentions are without merit.
Mastro, J.P., Dillon, Miller and Barros, JJ., concur.