██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN ALFONSO, Also Known as KING KASANOVA, Appellant. [38 NYS3d 566]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered July 15, 2013, convicting him of conspiracy in the second degree, attempted murder in the second degree (two counts), assault in the first degree, attempted assault in the first degree, gang assault in the first degree, attempted gang assault in the first degree, criminal possession of a weapon in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of several crimes, including conspiracy in the second degree and attempted murder in the second degree (two counts), in connection with a shooting of two individuals in an apartment building in the City of Poughkeepsie on March 6, 2012.

We agree with the defendant's contention that the hearing court should have suppressed his statements to the police because the conduct of the interrogating detective vitiated the effectiveness of the *Miranda* warnings (*Miranda v Arizona*, 384 US 436 [1966]; *see People v Dunbar*, 24 NY3d 304 [2014]). At the suppression hearing, the People presented the testimony of the detective who interviewed the defendant, and the video recordings of those interviews were admitted into evidence. One of the video recordings reveals that, prior to the administration of *Miranda* rights, the detective told the defendant,

among other things, that the defendant had "an opportunity now to tell [his] side of the story, if [he] want[ed] to." The detective indicated that in his "younger days," he would have bounced the defendant off "about . . . five walls." The detective reiterated that he was going to give the defendant an opportunity to give his side of the story, and promised him that he "potentially [could] help [himself]."

When the defendant ultimately began to give a statement, the detective interrupted him and, referring to the *Miranda* warnings form, indicated that it was a "bullshit form that [he] had to get past." The detective testified at the hearing that he characterized the form this way to "downplay" it and "minimize [its] importance." The video recording shows that the detective began to advise the defendant of his *Miranda* rights, informing him that he had the right to remain silent and that anything he said could and would be used against him in a court of law. However, the detective almost immediately qualified this advisement by stating: "obviously, anything that you say can also help you and benefit you in certain ways, you know what I mean," and then added, "potentially."

Under the circumstances, the detective's statements undermined the *Miranda* warnings and rendered them ineffective in advising the defendant of his rights (*see People v Rutledge*, 25 NY3d 1082 [2015], *revg* 116 AD3d 645 [2014]; *People v Dunbar*, 24 NY3d at 315-316; *People v Rivera*, 128 AD3d 1100, 1101 [2015]). Accordingly, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress his statements to the police. However, reversal is not required inasmuch as the error in admitting the defendant's statements was harmless beyond a reasonable doubt.

"A constitutional error requires reversal of a conviction and a new trial unless the error is harmless beyond a reasonable doubt, that is, the proof of the defendant's guilt, without reference to the error, is overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction" (*People v Ellison*, 138 AD3d 1137, 1138 [2016]; *see People v Crimmins*, 36 NY2d 230, 237-242 [1975]). Here, the evidence presented at trial included testimony from multiple witnesses that between March 4, 2012 and March 6, 2012, the defendant attended meetings with fellow gang members, during which an order was given to kill the victims, and that the defendant was to carry out the order to secure a new position within the gang. Additionally, both victims and three of the defendant's accomplices identified the defendant as the shooter. Moreover, another witness testified that the de-

fendant told her that he shot one of the victims in the face, and that he showed her the gun that he used. Surveillance video also captured the defendant entering the apartment building on the date of the shooting at approximately 4:30 p.m., and leaving the building at around 4:53 p.m., shortly before the police responded to the report of the shooting. Thus, the evidence of the defendant's guilt, without reference to the defendant's statements, was overwhelming, and there is no reasonable possibility that the error in admitting the defendant's statements might have contributed to his convictions (*see People v Crimmins*, 36 NY2d at 237).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his convictions because the testimony of certain of the People's witnesses, who testified pursuant to cooperation agreements, was incredible as a matter of law (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Grant*, 137 AD3d 938, 938 [2016]). In any event, the challenged remarks were either within the broad bounds of permissible rhetorical comment, fair comment on the evidence and the reasonable inferences to be drawn therefrom, responsive to the defense summation, or otherwise did not deprive the defendant of a fair trial (*see People v Hawley*, 112 AD3d 968, 969 [2013]; *People v McGowan*, 111 AD3d 850, 851 [2013]; *People v Cromwell*, 99 AD3d 1017, 1018 [2012]).

Under the circumstances, the County Court providently exercised its discretion in denying the defendant's request for youthful offender treatment (*see* CPL 720.20 [1]). Further,

contrary to the defendant's contention, the imposition of concurrent sentences on the conspiracy and attempted murder counts was not mandated, as the acts constituting the relevant crimes were separate and distinct (*see People v Arroyo*, 93 NY2d 990, 991-992 [1999]; *People v Harris*, 129 AD3d 990, 992 [2015]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit or have been rendered academic in light of our determination. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.