■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [52 NYS3d 368]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 5, 2011, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal sale of a controlled substance in the third degree under count one of the indictment and criminal possession of a controlled substance in the seventh degree under count two of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was charged with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree arising out of two separate incidents. The defendant is alleged to have sold one bag of cocaine on September 21, 2010, and three bags of cocaine on October 14, 2010.

The convictions of criminal sale of a controlled substance in

the third degree and criminal possession of a controlled substance in the seventh degree relating to the incident of September 21, 2010 (counts one and two of the indictment), must be vacated and those counts of the indictment dismissed. The People did not demonstrate a complete chain of custody for the evidence giving rise to those counts, or circumstances providing reasonable assurances as to the identity and unchanged condition of the evidence (*see People v Childs*, 29 AD3d 709, 709 [2006]; *People v Douglas*, 24 AD3d 794, 794 [2005]; *People v Montoya*, 244 AD2d 510, 510-511 [1997]; *People v Espino*, 208 AD2d 556 [1994]; *People v Steiner*, 148 AD2d 980 [1989]; *cf. People v Julian*, 41 NY2d 340, 341 [1977]).

In light of our determination, we need not reach the defendant's additional contention regarding the first alleged transaction.

As to the remaining counts of which the defendant was convicted, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his waiver of *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) was rendered invalid by the preamble read to him by the assistant district attorney who conducted the prearraignment interview is unpreserved for appellate review, as the defendant failed to move to suppress his statement on this ground or otherwise raise the issue before the Supreme Court (*see* CPL 470.05 [2]; *People v Coriolan*, 138 AD3d 1134, 1134-1135 [2016]; *People v Frederique*, 137 AD3d 1161, 1161 [2016]). In any event, while the People do not dispute that the preamble read to the defendant violated the principles enunciated in *People v Dunbar* (24 NY3d 304 [2014]) and rendered the subsequent *Miranda* warnings inadequate and ineffective in advising the defendant of his rights (*see People v Dunbar*, 24 NY3d at 316; *People v Marino*, 135 AD3d 877 [2016]; *People v Rivera*, 128 AD3d 1100 [2015]), any error in the admission of the defendant's statement at trial was harmless beyond a reasonable doubt. The evidence of the defendant's guilt as to this drug transaction was overwhelming, and there is no reasonable possibility that the admission of the defendant's statement, the substance of which was largely exculpatory, contributed to his convictions (*see*

*People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Ellison*, 138 AD3d 1137, 1137 [2016]; *People v Coriolan*, 138 AD3d at 1135).

The defendant's remaining contention also is without merit (*see People v Baldi*, 54 NY2d 137 [1981]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.