Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered May 28, 2013, convicting him of murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, and determinate terms of imprisonment of 15 years plus five years of postrelease supervision on each of the convictions of assault in the first degree, with all of the sentences to run consecutively. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials. Ordered that the judgment is modified, on the law, by providing that all of the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed. The defendant was indicted in connection with the shootings of Zurana Horton and two other victims, which resulted in Horton’s death and injury to the two other victims. At trial, the People presented evidence that, after members of two rival gangs had been arguing in the street, the defendant, a member of one of the gangs, fired 13 shots from the rooftop of his apartment building toward a group of people, which included not only the victims but also members of the other gang, standing below. The jury found the defendant guilty of murder in the second degree and two counts of assault in the first degree. The defendant appeals. The defendant’s challenge to the legal sufficiency of the evidence is only partially preserved for appellate review (see People v Beer, 146 AD3d 895, 896 [2017]; People v Massillon, 137 AD3d 1169 [2016]; People v Krut, 133 AD3d 781, 783 [2015]). To the extent that the defendant argued at trial that the evidence on the issue of intent was not sufficient since it only demonstrated that he intended to scare off rival gang members, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that such evidence was legally sufficient to establish the defendant’s guilt of each charge (see People v Ramos, 19 NY3d 133, 136 [2012]). The defendant’s challenge on appeal to the legal sufficiency of the evidence based on arguments concerning whether he intended to injure the other two victims and whether they sustained serious physical injuries are unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-494 [2008]), and are, in any event, without merit. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]). We agree with the defendant’s contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his statement to an investigator at the correctional facility where he was being held pending trial, since the statement was given without the defendant being advised of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) prior to the investigator questioning the defendant subject to custodial constraint (see People v Alls, 83 NY2d 94, 100 [1993]). However, the error in admitting that statement at trial was harmless beyond a reasonable doubt as there was overwhelming evidence of the defendant’s guilt and no reasonable possibility that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Cruz, 149 AD3d 774, 775 [2017]). Under the circumstances of this case, the evidence was insufficient to establish that the defendant’s acts underlying the crimes were separate and distinct. Accordingly, the imposition of consecutive terms of imprisonment was improper (see People v Jones, 41 AD3d 509, 509 [2007]; see also People v Eddo, 55 AD3d 922, 924 [2008]). The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are without merit. Mastro, J.P., Hall, Austin and Barros, JJ., concur.