People v Hines (2019 NY Slip Op 03985)





People v Hines


2019 NY Slip Op 03985


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-09424
 (Ind. No. 1476/15)

[*1]The People of the State of New York, respondent,
v
John Hines, appellant.


Stephen R. Mahler, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Francis Ricigliano, J.), rendered August 16, 2017, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, assault in the second degree, tampering with physical evidence, resisting arrest, and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Angelo Delligatti, J.), of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
We agree with the hearing court's determination declining to suppress physical evidence, as the credible evidence at the suppression hearing established that the police had probable cause to arrest the defendant (see People v Frederique, 137 AD3d 1161; People v Spann, 82 AD3d 1013). Contrary to the defendant's contention, the testimony of the police witness at the hearing was not incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief (see People v Kelly, 131 AD3d 484; People v Glenn, 53 AD3d 622).
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel failed to move to reopen the suppression hearing is without merit. Counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Flowers, 28 NY3d 536; People v Brown, 13 NY3d 332, 341; People v Ennis, 11 NY3d 403, 415; People v Caban, 5 NY3d 143, 152). The defendant has not established that the police testimony at the hearing was inconsistent with testimony elicited from other police witnesses at trial, and it is unlikely that the County Court would have granted an application to reopen the suppression hearing or that, if it had done so, it would have suppressed the physical evidence as a result (see People v Hogue, 166 AD3d 1009; People v Meyers, 162 AD3d 1074, affd ___ NY3d ___, 2019 NY Slip Op 03658 [2019]). Accordingly, trial counsel was not ineffective for failing to make that application. Moreover, the evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that trial counsel provided meaningful representation (see People v Wright, 25 NY3d 769, 779; People v Caban, 5 NY3d at 152; People [*2]v Berroa, 99 NY2d 134, 138-139; People v Baldi, 54 NY2d 137, 146-147).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the third and fifth degrees beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court