The People of the State of New York, Respondent,
against
Abrie Bryan, Appellant.




New York City Legal Aid Society (Jonathan Garelick of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.,), rendered May 13, 2015. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in an information, subsequently superseded by a prosecutor's information, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and failing to signal (Vehicle and Traffic Law § 1163 [a]), based on a police officer's observations that defendant had operated his motor vehicle while exhibiting several indicia of intoxication. Defendant admitted to the arresting officer that he had consumed "a couple of beers," and a blood alcohol test produced a reading of .07 of one per centum by weight. After a jury trial, defendant was convicted of driving while ability impaired and acquitted of the remaining offenses.
On appeal, defendant challenges the facial sufficiency of the accusatory instrument and the legal sufficiency of the trial evidence. Defendant further contends that the verdict was [*2]against the weight of the evidence.
To be sufficient, a prosecutor's information must be supported by the factual allegations set forth in the factual part of the information superseded and any supporting depositions which accompanied it, sufficient to satisfy the pleading standards of an information as set forth in CPL 100.40 (1) (see CPL 100.50 [2]; People v Francis, 55 Misc 3d 137[A], 2017 NY Slip Op 50509[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). An information serves simply to "ensure[] that a legally sufficient case can be made against the defendant" (People v Dumay, 23 NY3d 518, 522 [2014]; People v Flores, 62 Misc 3d 46, 50 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]) and must afford the defendant " 'notice sufficient to prepare a defense and [be] adequately detailed to prevent a defendant from being tried twice for the same offense' " (People v Smalls, 26 NY3d 1064, 1066 [2015], quoting People v Casey, 95 NY2d 354, 360 [2000]; see also People v Andujar, 30 NY3d 160, 169 [2017]). The facts must "establish, if true, every element of the offense charge and the defendant's commission thereof" (see CPL 100.40 [1] [c]; People v Konieczny, 2 NY3d 569, 575 [2004]). While the facts may not be asserted in merely conclusory terms (see People v Dreyden, 15 NY3d 100, 103 [2010]), they should be afforded " 'a fair and not overly restrictive or technical reading' " (People v Drelich, 32 NY3d 1032, 1032-1033 [2018], quoting People v Casey, 95 NY2d at 360; see People v Brissett, 62 Misc 3d 149[A], 2019 NY Slip Op 50271[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), and we adopt all reasonable inferences that may be drawn from the facts (see People v Jackson, 18 NY3d 738, 747 [2012]).
Here, the arresting officer alleged, based on his personal knowledge, that defendant had operated his automobile at a specific time and place, and that, at "approximate[ly]" the same time and place, defendant had exhibited indicia of impairment, namely "slurred speech, red watery eyes, [the] odor of alcoholic beverage on breath, and an unsteady gait." This sufficed to allege that defendant's ability to operate an automobile had been impaired by alcohol (see People v Cruz, 48 NY2d 419, 426-427 [1979]; People v Sarita-Sanchez, 62 Misc 3d 138[A], 2019 NY Slip Op 50034[U] [App Term, 1st Dept 2019]). Necessarily, defendant's operation of his vehicle and his impaired condition are alleged to have occurred concurrently. In any event, the observations of defendant's physical condition and of actual operation need not directly establish that they were simultaneous (see People v Green, 59 Misc 3d 134[A], 2018 NY Slip Op 50490[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Sieber, 40 Misc 3d 133[A], 2013 NY Slip Op 51143[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]), only that the allegations effectively "excluded" all inferences other than " 'simultaneous operation and intoxication' " (People v Spencer, 289 AD2d 877, 879 [2001], quoting People v Saplin, 122 AD2d 498, 499 [1986]). While the accusatory instrument did not elaborate on the circumstances in which the officer had observed defendant's physical condition, "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) it may be inferred that the officer's observations occurred in sufficient temporal proximity to the operation of the vehicle to effectively plead the offense, rendering the details thereof to be developed at trial.
In his motions to dismiss based on the legal insufficiency of the trial proof, made after the [*3]People's case and at the conclusion of all of the evidence, defendant failed to identify any particular insufficiency, thereby failing to preserve a question of law for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). The rule applies to the present claim, in effect, that the testimony of the arresting officer was incredible as a matter of law (see e.g. People v Alfonso, 142 AD3d 1180, 1182 [2016]; People v Florio, 40 Misc 3d 132[A], 2013 NY Slip Op 51137[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Defendant also contends that the competing versions of the events surrounding defendant's arrest presented an issue of credibility which could not reasonably have been resolved in the People's favor (see People v Mateo, 2 NY3d 383, 410 [2004]). However, upon the exercise of our authority to review the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), and according the requisite deference to the jury's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the jury could reasonably have determined that the testimonies of the people's witnesses were of sufficient weight to support a conclusion that defendant was guilty of driving while ability impaired, beyond a reasonable doubt. The arresting officer's testimony that he had twice observed defendant's physical condition, initially from a close proximity to defendant, and both before and after observing defendant operate his vehicle, was not rendered unworthy of belief because the officer did not prevent defendant from driving away. Defendant's own trial testimony corroborated aspects of the arresting officer's account of the incident, including defendant's admission that he had consumed "two beers" which, along with the indicia of impairment and the blood alcohol test results, established the offense (see Vehicle and Traffic Law § 1195 [2] [c]; People v Capers, 53 Misc 3d 126[A], 2016 NY Slip Op 51298[U] [App Term, 1st Dept 2016]).
We further find that the testimony of the officer who had conducted the breath test as to the calibration and maintenance of the testing instrument was sufficient to establish that the instrument had been working properly and that the test itself had been properly administered. Defendant's claims that the officer was insufficiently educated as to the scientific principles underlying the operation of the testing instrument and that the evidence did not exclude the possibility of contamination by alcohol from defendant's dentures are unavailing. The scientific principles upon which "breath testing instruments" operate are no longer subject to question (People v Alvarez, 70 NY2d 375, 380 [1987]; People v Lent, 29 Misc 3d 14, 16-17 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), and the results of a properly administered breath test, via a well-functioning "[b]reath-alcohol detection machine[]," is presumed reliable (People v Boscic, 15 NY3d 494, 497 [2010]). It is therefore of no significance that the testing officer, trained, certified, and well-experienced in administering such tests, could not explain the details of certain of the more esoteric features of blood-alcohol testing technology (see People v Lent, 29 Misc 3d at 17), and the People's expert witness credibly testified why defendant's dentures were an unlikely source of alcohol contamination three hours after alcoholic beverage consumption. Thus, we cannot say that the jury "failed to give the evidence the weight it should be accorded" (People v Mateo, 2 NY3d 383, 410 [2004]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019